# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

*(Continued from Volume 35.)*

THE STATE OF UTAH ex rel. W. S. WILLIS, Relator, v. HEBER CITY, a Municipal Corporation, Respondent.

No. 2048. Decided June 5, 1909 (102 Pac. 309).

1. MUNICIPAL CORPORATIONS—POWER TO INCUR INDEBTEDNESS. Const. art. 14, sec. 4, provides that no city shall become indebted to an amount, including existing indebtedness, exceeding four per cent. of the value of taxable property therein, that no part of the indebtedness so allowed shall be incurred for other than strictly city purposes, and that any city shall be allowed to incur additional indebtedness not exceeding four per cent. for supplying the city with artificial lights, water, and sewers, when the works for supplying them are owned and controlled by the city. Comp. Laws 1907, sec. 308, also provides for a city's indebtedness, not to exceed four per cent. of the value of taxable property, to supply the city with artificial light, water, and sewers, when the works for supplying them are owned and controlled by the city. *Held*, that a bonded indebtedness of four per cent may be incurred for general city purposes, which would include the supplying of lights, water, and sewers, and an additional indebtedness of the same amount for lights, water, and sewers alone. (Page 4.)

2. MUNICIPAL CORPORATIONS—POWER TO INCUR INDEBTEDNESS—ISSUE OF BONDS—NOTICE OF PURPOSE—SUFFICIENCY. Const. art. 14, sec. 5, provides that all moneys borrowed by any legal subdivision of the state shall be used solely for the purpose specified in the

36 Utah—1. (1)

law authorizing the loan. Section three provides that no debt in excess of the taxes for the current years shall be created by a city, unless the proposition to create such debt be submitted to the qualified electors of the city. Comp. Laws 1907, sec. 308, provides for submission of a proposition to incur a four per cent indebtedness for lights, water, or sewers to taxpaying electors. Section 309 provides that, when the city council shall have decided to submit the question of incurring a bonded indebtedness, it shall by order specify the particular purpose for which the indebtedness is to be created, and the amount of bonds proposed to be issued. *Held* that, where such an order or resolution, and also the published notice to the electors of an election to vote on an issue of bonds which were intended to supply the city with lights, merely stated that the indebtedness was to be created, and the bonds issued, for general corporate purposes of the city, they were insufficient. (Page 4.)

Application for Writ of Prohibition.

TEMPORARY WRIT MADE PERMANENT.

*W. S. Willis* and *Thurman, Wedgwood & Irvine* for relator.

*Dey & Hoppaugh, J. H. McDonald* and *A. C. Hatch* for respondent.

STRAUP, C. J.

An application is here made for a writ of prohibition to restrain the mayor and other officers of Heber City, a municipal corporation, from issuing and negotiating certain proposed municipal bonds. The principal grounds for the writ are that the purpose for which the indebtedness was created and the bonds proposed was not stated in the order or resolution of the city council incurring the indebtedness, or in the published notice to the electors, and that the money to be obtained from the sale of the bonds will be devoted, not to general corporate purposes, but for the construction of an electric light plant, and for supplying the city and its inhabitants with artificial lights. It is made to appear that the city has "no existing general indebtedness for contingent expenses or general corporate purposes," that the assessed

value of the property within the city is $566,442, and that
the amount of bonds proposed is $22,500. The purpose for
creating the indebtedness and issuing the bonds, as stated
in the order or resolution of the city council, and in the pub-
lished notice to the electors, is "that such indebtedness is to be
created and said bonds issued and the money derived there-
from shall be used for general corporate purposes of Heber
City." The proposition on such published notice was sub-
mitted to the qualified electors of the city. A majority of
them, substantially all of them voting at the election, voted
in favor of the bonds. It is alleged in the petition, and ad-
mitted in the answer, that the purpose of the bond issue is
to obtain money to construct an electric light plant, and to
supply artificial lights to the city and its inhabitants, and
that the money to be obtained from the sale of the proposed
bonds will be applied to such purpose. By section 4, art. 14,
of the Constitution it is provided that: "No city, etc., shall
become indebted to an amount, including existing indebted-
ness, exceeding four per centum of the value of the taxable
property therein . . .: Provided, that no part of the
indebtedness allowed in this section shall be incurred for
other than strictly . . . city, . . . purposes; pro-
vided, further, that any city or town . . . may be al-
lowed to incur a larger indebtedness, not exceeding four per
centum additional, for supplying such city or town with wa-
ter, artificial lights or sewers, when the works for supplying
such water, light and sewers, shall be owned and controlled
by the municipality." By section 5: "All moneys borrowed
by, or in behalf of the state, or any legal subdivision thereof,
shall be used solely for the purpose specified in the law au-
thorizing the loan." By section 308, Comp. Laws 1907, it is
provided that: "Any city or town in this state is hereby au-
thorized to incur an indebtedness not exceeding four per
centum of the value of the taxable property therein, for the
purpose of supplying such city or town with water, artificial
light, or sewers, when the works for supplying such water,
light, and sewers shall be owned and controlled by the muni-
cipality, when the proposition to create such debt shall have

been submitted to a vote of such qualified electors as shall have paid a property tax in the year preceding such election and a majority of those voting thereon shall have voted in favor of incurring such debt." By section 309 that: "When the city council of any city or the board of trustees of any town shall have decided to submit the question of incurring a bonded indebtedness, it shall, by order, specify the particular purpose for which the indebtedness is to be created and the amount of bonds which it is proposed to issue," etc.

From a reading of the Constitution it will be seen that a city may incur a bonded indebtedness of four per centum of the assessed value of taxable property for city purposes, and an additional bonded indebtedness of four per centum for supplying the city with water, artificial lights, or sewers. That is to say, a bonded indebtedness of four per centum may be incurred for general city purposes, including the supplying of the city with water, lights, or sewers; such things being for city purposes as much as is the creating and maintaining of a fire department, the grading of streets, or the defraying of expenses. In addition to that the city may also incur an additional indebtedness of four per centum for the purpose of supplying the city with water, lights or sewers. If the city has an existing indebtedness of four per centum, it then can only incur an additional indebtedness of four per centum for the purpose of supplying the city with water, lights, or sewers. If the city has no existing indebtedness, and it so desires, it may incur an indebtedness of eight per centum for supplying the city with water, lights, or sewers, or for any one of such things. In other words, if the city has no indebtedness the Constitution does not restrict a bonded indebtedness to four per centum, for supplying the city with water, light, or sewers. For such purposes the incurring of an "additional" indebtedness of four per centum is permissible.

But we are of the opinion that whenever a bonded indebtedness is to be incurred or created, the city council is required, by order or resolution, and in the published notice to the electors, to specify the purpose for

which the indebtedness is to be created or incurred, and for which the proposed bonds are to be issued. Not to do so renders section 5, art. 14, of the Constitution futile. The specification here made "for general corporate purposes" is entirely too general. The Constitution (article 14, section 3) very clearly provides that no debt in excess of the taxes for the current years shall be created by any city, etc., unless the proposition to create such debt be submitted to the qualified electors of the city. The proposition should be submitted in such a way as to obtain a full and fair expression of the will of the voters. Under such a general statement, as here, the voters would not know whether the indebtedness is incurred to supply and maintain a fire department, grade streets, defray expenses, construct a waterworks system, an electric light plant, sewers, or for divers other things for which money may be devoted for corporate purposes. In such case it could not be ascertained whether the money obtained from the sale of the bonds is, in the language of the Constitution, "used solely for the purpose specified in the law authorizing the loan;"—here the resolution and ordinance authorizing the loan and creating the indebtedness. If this notice should be held sufficient, and the money should be applied to grade streets, or to supply a fire department, how could the voters complain who voted for the bonds on the belief that the money was to be used to supply the city with artificial lights? If it is desired to incur an indebtedness in excess of the taxes for the current year, and to issue bonds therefor, there ought not to be any difficulty in stating the purpose of it. If the municipality desires to create such an indebtedness to supply the city with artificial lights, let such purpose be specified.

Because no purpose has been specified by the order of the city council, or in the published notice to the electors, the temporary writ heretofore allowed is made permanent. It is so ordered. Costs to the relator.

FRICK and McCARTY, JJ., concur.