THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
GEORGE HEISER, DEFENDANT AND APPELLANT.
No. 10938.
Submitted October 18, 1965.  Decided November 10, 1965.
407 P.2d 370.

James J. Sinclair, Billings (argued), for appellant.

John L. Adams, Jr., Deputy County Atty., Harold Hanser, Billings (argued), Forrest H. Anderson, Charles M. Joslyn, Helena (argued), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered in the District Court of the Thirteenth Judicial District, wherein the defendant-appellant, George Heiser, was found guilty of the crime of passing a fictitious check.

The facts are as follows: On August 25, 1964, defendant-appellant, hereinafter referred to as appellant, was charged, by information, with the crime of passing a fictitious check. The information read in part "on or about the 1st day of July,

A. D. 1964, at the County of Yellowstone and State of Montana, * * * the said GEORGE HEISER, then and there being, then and there did wilfully, wrongfully, unlawfully, and feloniously, pass, with the intent to defraud MARK DALY, d/b/a SILVER DOLLAR INN, of Billings, Montana, a fictitious check purporting to be a check for the payment of money, made by an individual in existence, to wit: JUDY ROSS, when, in fact, there was no such in existence such as JUDY ROSS * * *.

The record indicates a Mr. Dalley is the owner of the Silver Dollar Inn, however it was noted he is frequently referred to as Mr. Daly. Further, at the end of plaintiff's case in chief a motion was made to amend the information so that the spelling of *Daly* could be changed to *Dalley*. Objection to the motion was made, but overruled, and the amendment was allowed.

Mr. Daniel R. Beckers, an employee of Mr. Dalley, testified he cashed the check in question when it was presented to him by the individual he later identified as Mr. Heiser. The instrument had been made payable to a Charles Williamson and so endorsed, although the endorsement was not done in the presence of Mr. Beckers.

Upon return of the check, with the indication "no such account existed," Mr. Dalley attempted to locate the maker, Judy Ross, as well as the Third Avenue Dress Shop, against whom the check was drawn. His efforts were unsuccessful.

The assistant cashier of the drawee bank established the fact the Third Avenue Dress Shop had no present account with the bank, nor did Judy Ross. However, the dress shop once had had an account which was now closed. Judy Ross had never had an account, nor had any individual by that name ever had authority to write checks for the now defunct Third Avenue Dress Shop.

Investigation by the sheriff's office also established the fact there was no such individual as Judy Ross or shop such as the Third Avenue Dress Shop doing business at the address given on the check.

On appeal, appellant contends the trial court erred in a number of instances.

The first and second assignments of error may be dealt with collectively. Both consider the question of whether the lower court erred in not dismissing the information when a variance appeared between the name of the injured party and the name proved at trial.

The function of an information is two-fold: (1) to give jurisdiction to the court; and (2) to notify a defendant of his offense, thereby giving him an opportunity to defend. 42 C.J.S. Indictments and Informations § 11, p. 850. It might also be said an information has a purely secondary function of protecting an individual from prosecution for the same offense twice.

Under the applicable case law, a material variance is sufficient grounds for reversal. This view is supported by section 94-6409, R.C.M.1947: "When an offense involves the commission of, or attempts to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." In the case of State v. Lee, 33 Mont. 203, 205, 83 P. 223 (1905), which cites the earlier decision of State v. Sullivan, 9 Mont. 490, 24 P. 23 (1890), this court, makes it clear that since "the offense was not described with sufficient certainty in other respects to identify the act, the variance was material." In that case the appeal was from conviction of the crime of robbery, with the information stating the name of the prosecuting witness as being Frank Rex, while testimony showed the name to be Frank Rock. No further identification of the individual seems to have been made.

The facts presently under consideration are materially different. At all times the appellant knew that the injury had occurred to an individual doing business as the Silver Dollar Inn. Therefore, there was no material variance if the entire name as presented in the information and proved at trial,

was considered as a whole. In State v. Moxley, 41 Mont. 402, 409, 110 P. 83, 86, (1910), this Court stated that "a mistake in the name of the person injured is not to be deemed material, if the injury is so described in other respects as to identify it." We believe the name of the individual injured and the act giving rise to the injury were so "described in other respects" as to make identification of the injured party certain.

The record indicates the appellant knew the complaining witness regardless of how the name on the information was spelled, for on August 22, 1964, he went to the Silver Dollar Inn and ordered a drink from Mr. Dalley. Further, long before trial appellant's attorney had contacted Mr. Dalley in connection with the present case. Again, this is an indication there was no real confusion as to the person injured.

Finally, section 94-6430, R.C.M.1947, provides authority for amending an information when there occurs a variance between allegation and proof. Whether an amendment is to be allowed is left to the discretion of the court. State v. Oliver, 20 Mont. 318, 50 P. 1018 (1897). We hold that the lower court acted well within its power and the appellant was in no way prejudiced by the amended spelling of the name *Daly* to *Dalley*. The information had thus fulfilled all its required functions.

Since the information was amended, and the act and name were identified in other respects, there is no reason to discuss the doctrine if *idem sonans,* or its application to this case. However, the same result would obtain. (See State v. Cooper, 146 Mont. 336, 406 P.2d 691.)

The third specification of error is that the evidence does not support the verdict in that the State failed to prove there was no such individual as Judy Ross, the purported drawer of the check, in existence.

Such is not so. In State v. Johnston, 140 Mont. 111, 367 P.2d 891 (1962), the bank records showed the drawer of the check never had an account, and testimony of the sheriff indicated he had never known or heard of such a person as the drawer. This alone was sufficient to establish, at least prima facie, that

no such individual as the drawer existed. The facts and testimony of the instant case yield the same result, and we can find no authority for changing our position.

A review of the cases shows a similar rule is followed in California which has a code provision identical to section 94-2007, R.C.M.1947, (Cal. Penal Code, § 476), except for the sentence imposed, People v. Roche, 74 Cal.App. 556, 241 P. 279 (1925); People v. Bernard, 21 Cal.App. 56, 130 P. 1063 (1913); People v. Carmona, 80 Cal.App. 159, 251 P. 315 (1926).

██ The fourth question deals with the given instructions. Appellant maintains instruction 14 is an incomplete statement of the law in that it has omitted "the requirement of the statute that in fact there is no such individual [as the drawer of the check] in existence," and that such omission, of a material element, is reversible error.

Instruction 14 reads:

"You are instructed that if you find beyond a reasonable doubt, that the defendant, George Heiser, did wilfully, wrongfully, unlawfully and feloniously pass, with the intent to defraud Mark Daly d/b/a Silver Dollar Inn, a check in the amount of $98.57, knowing said check to be fictitous, then you shall find the defendant, George Heiser, guilty of the crime of passing a fictitious check."

Instruction 14 did, in no way, prejudice the appellant. In reading and considering the instructions together, there appears to be no conflict or inconsistency which could mislead the jury in arriving at a just and supportable conclusion. Instruction 1, is taken from section 94-2007, R.C.M.1947, and gives the necessary elements of the crime. As was stated in State v. Schleining, 146 Mont. 1, 403 P.2d 625, 632, "it is well-settled in this state that if a party is not satisfied with an instruction or instructions proposed to be given, he must submit an instruction which more fully covers the particular matter, or he cannot be heard to complain, unless the instruction given is inherently wrong. State v. Bubnash, 142 Mont.

377, 382 P. 2d 830 (1963); State v. Powell, 54 Mont. 217, 221, 169 P. 46 (1917)."

Appellant's final contention is that the cumulative effect of the error specified tended to his prejudice.

In State v. Byrd, 41 Mont. 585, 592, 111 P. 407, 411 (1910), it was observed that the rule of "error being shown, prejudice will be presumed" is no longer applicable in this State. There is required some positive showing that there occurred prejudicial error which affected appellant's rights. Simple technical error is not enough, as a substantial right must have been prejudiced. State v. Byrd, supra; State v. Bubnash, 142 Mont. 377, 393, 382 P.2d 830 (1963). The rule has been codified in section 94-8207, R.C.M.1947, which provides:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

It is the court's opinion that no substantial error occurred which would tend to appellant's prejudice. As was said in State v. Cor, 144 Mont. 323, 340, 396 P.2d 86, 95, "Our Constitutions, both Federal and State, guarantee a fair trial, not a perfect one."

For these reasons the judgment of the lower court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.