No. 12750

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

DUARD TROPF,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General,
Appeared, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Norman L. Newhall, III Deputy County Attorney, argued,
Great Falls, Montana

For Respondent:

Ralph T. Randono argued, Great Falls, Montana

---

Submitted: September 17, 1974

Decided: JAN 23 1975

Filed: JAN 23 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the district court, Cascade County, suppressing the state's evidence and refusing to allow the state to either amend or dismiss and refile the Information.

On October 5, 1973, a complaint and an affidavit for a search warrant, with duplicate originals, were prepared on standard forms of the county attorney's office. The forms are headed "IN THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF CASCADE" and contain a signature line at the bottom of each form, under which is the designation "DISTRICT JUDGE."

On the day in question there were no district judges present at the courthouse. The complaint and affidavit were submitted to H. William Coder, police judge of the city of Great Falls, who, upon hearing sworn testimony in support of the complaint and affidavit, signed the search warrant in duplicate and certified the duplicate complaint and affidavit.

A search was then made of defendant Duard Tropf's house. In searching the premises police officers discovered numerous plastic bags containing marihuana residue, some marihuana seeds, and drug use paraphernalia. By following a path from the back door of the premises into the back yard, the officers found an old board covering a hole in the ground which contained a duffle bag, which in turn held approximately three pounds of marihuana.

Thereafter a return of the items seized upon execution of the search warrant was made of record before a district judge. At that time, the state maintains, one of the duplicate originals of the search warrant was left with the clerk of the district court. This is disputed and the records before this Court fail to reveal any such filing with the clerk. The other duplicate original of the search warrant and one duplicate original of the complaint and affidavit were retained by a detective of the Great Falls police department. The remaining duplicate original of the complaint and

affidavit were not filed with the clerk of the court and are un-accounted for.

The state maintains the duplicate originals of the complaint and affidavit in possession of the Great Falls police detective were subsequently filed with the clerk of the district court. This is disputed by defendant and, again, the records before this Court do not reveal that these documents were filed.

On October 16, 1973, an Information containing two counts was filed in the district court.

> "Count I: * * * possession certain dangerous drugs, to-wit: Marihuana in excess of 60 grams, in viola-tion of Section 54-133, R.C.M. 1947, as amended".

Evidence in support of Count I was acquired by a search of defendant's premises conducted pursuant to the search warrant issued by H. William Coder, police Judge of the city of Great Falls.

> "Count II: * * * on or about the 5th day of October, A.D.1973, and before the filing of this Information, the said defendant then and there being, did then and there wilfully, wrongfully, unlawfully and feloniously prepare and process for sale certain dangerous drugs, to wit: Marihuana, in violation of Section 54-132, R.C.M. 1947, as amended". (Emphasis added).

Evidence in support of Count II was acquired (1) by a statement given by defendant's roommate to the county attorney that on October 2, 1973, he observed the defendant sell dangerous drugs to one Ron Paulson at defendant's apartment at 904 6th St. S.W., Great Falls; (2) from the sworn testimony of Ron Paulson given in a proceeding to declare him a juvenile delinquent which testi-mony confirmed the fact of such sale; and (3) from a thirteen page police department statement given by the same informant.

Defendant was arraigned October 18, 1973, and entered a plea of not guilty. Various motions were interposed by defendant and the matter set for trial on January 28, 1974, by order dated Decem-ber 21, 1973. On January 8, 1974, defendant under section 95-1803(d), R.C.M. 1947, gave notice of his defense of alibi and listed six witnesses.

On January 23, 1974, the state by consolidated motions moved for leave to amend Count II of the Information to charge:

"* * * on or about the 2nd day of October, 1973, * * *
defendant * * * did * * * sell a certain dangerous drug,
to wit: Hashish, to Ronald Paulson in violation of 54-132,
R.C.M. 1947 as amended."

The state alleged the proposed amendment was only in form and not substance and did not charge an additional or different offense and no rights of defendant were prejudiced. In the alternative, it asked dismissal of the Information pursuant to section 95-1706, R.C.M. 1947, on the ground that a mistake was made in charging the proper offense and that the dismissal be without prejudice to file a new Information.

All motions pending before the court were briefed and the court heard oral argument January 24, 1974. The court then suppressed the evidence in support of Count I as illegally seized because the search warrant was fatally defective for these reasons: (1) The person signing the warrant was without lawful authority to issue a warrant out of the district court of the eight judicial district in that he is not a district judge of that court. (2) The affidavit and complaint on which the warrant was issued was not retained by the judge as is required by section 95-706, R.C.M. 1947.

The court further stated that the state's motion to amend Count II  or in the alternative to dismiss and refile a new Information, constituted an amendment as to substance rather than as to form and was in violation of section 95-1505, R.C.M. 1947; and, the affidavit for leave to file Count II did not support the factual allegations in Count II. The court denied the state's motions and dismissed Counts I and II.

The state argues that the term "Judge" as defined in section 95-206, R.C.M. 1947, together with section 95-704, R.C.M. 1947, authorizes a police judge to issue search warrants.

Section 95-704, R.C.M. 1947, states:

"Any judge may issue a search warrant * * *."

Judge is defined in section 95-206, R.C.M., 1947, as:

"'Judge' means a person who is invested by law with the power to perform judicial functions and includes court, justice of the peace or police magistrate <u>when a parti-</u><u>cular context so requires.</u>" (Emphasis added).

- 4 -

This is a qualified definition to give judicial stature to our entire court system but is qualified so as not to be taken as conferring jurisdiction where none exists merely because other statutes use the term "judge".

It is well founded in Montana law that the police courts are courts of limited jurisdiction and such courts have only such authority as is expressly conferred upon them. State ex rel. Marquette v. Police Court, 86 Mont. 297, 283 P.430; State ex rel. McIntire v. City Council of the City of Libby, 107 Mont. 216, 82 P.2d 587; City of Billings v. Herold, 130 Mont. 138, 296 P.2d 263; State ex rel. City of Libby v. Haswell, 147 Mont. 492, 414 P.2d 652. The subject matter jurisdiction of the police court of the city of Great Falls is defined by section 11-1602, R.C.M. 1947 and Section 1-27-11 of the Municipal Code of the City of Great Falls.

Section 11-1602, R.C.M. 1947, provides:

"<u>Jurisdiction of police courts.</u> The police court has con-current jurisdiction with the justice of the peace of the following public offenses committed within the county:

"(1) Theft where the value of the stolen property does not exceed one hundred fifty dollars ($150).

"(2) Assault and battery, not charged to have been committed upon a public officer in the discharge of his official duty, or with intent to kill.

"(3) Breaches of the peace, riots, affrays, committing willful injury to property, and all mis-demeanors punishable by fine not exceeding five hundred dollars ($500), or by imprisonment not ex-ceeding six (6) months, or by both fine and impri-sonment.

"(4) Proceedings respecting vagrants, lewd, or disorderly persons. Such offenses must be prosecuted in the name of the state of Montana.

"(5) Possession of beer or liquor by persons under the age of eighteen (18) years in violation of section 94-35-106.2 [94-5-610].

"(6) Selling, giving away or disposing of in-toxicating liquors to minors in violation of section 94-[3]5-106 [94-5-609].

"The police court shall have no jurisdiction of any civil cause, except as otherwise provided by law."

Section 1-27-11 of the Municipal Code of the City of Great Falls, provides:

"(A) Of all public offenses committed within the City over which police courts are expressly granted the jurisdiction by state statute, including any future grants of such jurisdiction as may be enacted by the Montana State Legislature, prosecution for which must be done in the name of the State of Montana.

"(B) Of all proceedings for the violation of any laws or ordinances of the City, both civil and criminal, which must be prosecuted in the name of the City." (Emphasis added).

Since police magistrates have never been given authority by the legislature to issue search warrants, the word "Judge" used in section 95-704, R.C.M. 1947, does not require the inclusion of a police magistrate as a person authorized to issue search warrants. Therefore, the search warrant issued in the instant case was void. The district court correctly suppressed the evidence obtained under the authority of that search warrant.

We need not proceed further to evaluate arguments advanced by the state in regard to the search warrant itself or the procedure used in its issuance, execution and return, other than to clarify some misconceptions and the weight to be given State v. Meidinger, 160 Mont. 310, 319, 502 P.2d 58.

The state admits the affidavit, complaint and warrant were entitled incorrectly as "IN THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF CASCADE", but asserts "There is no requirement under the law, however, that the warrant contain any heading specifying the court in which application is made." The state relies on section 95-717, R.C.M. 1947, which reads in pertinent part:

"When search and seizure not illegal. No search and seizure, whether with or without warrant, shall be held to be illegal as to a defendant if:

" * * *

"(b) No right of the defendant has been infringed by the search and seizure, or,

"(c) Any irregularities in the proceedings do not affect the substantial rights of the accused."

The state also relies on Meidinger for support alleging the "highly technical" defect in Meidinger was more serious than that presently before this Court.

- 6 -

Section 95-703, R.C.M. 1947, by definition directs that a search warrant "is an order in writing, in the name of the state". This would contemplate, as in all other criminal matters and particularly in matters that pertain to the authorizing instrument to search a person's home, that notice to the person subject to the process concerning the origin of the process and to whom he may address his grievances in response for an inventory (section 95-712, R.C.M. 1947) are matters of due process and not technical irregularities. Omissions in this regard would be substantive and infringe on the rights of the person whose residence is being searched and would necessarily be prejudicial error.

The district court condemned failure to comply with section 95-706, R.C.M. 1947, which requires:

> "The application on which the warrant is issued shall
> be retained by the judge but need not be filed with
> the clerk of the court nor with the court if there is
> no clerk, until the warrant has been executed or has
> been returned 'not executed'".

Again the state relies on section 95-717, R.C.M. 1947, and alleges that one of the duplicate originals of the application was retained by a detective of the Great Falls police department and in its brief states:  "It is submitted that his [police] agency relationship to the Police Judge is as binding as that of the Clerk of Court to the District Judge and accordingly, Detective Hall's retention of the Application constitutes defacto retention by the Police Judge of the Application * * *." Thus the state contends the requirements of section 95-706,R.C.M. 1947, were substantially complied with.

This reasoning is not valid and will not be pursued in depth but in passing we will comment that there can be no agency relation- ship between the executive and judicial branches of government by virtue of the separation of powers doctrine. The district court was not in error.

Returning to sections 95-717 and 95-703, R.C.M. 1947, involved in Meidinger; section 95-703 heretofore cited in definition of a search warrant, also requires that the warrant be "directed to

- 7 -

a peace officer" and in _Meidinger_ the warrant was addressed to "any peace officer of this state". The facts in _Meidinger_ were not similar nor was the defect in the warrant a matter of substance, as we find here. The formal defect in that case could in no way have infringed on the rights of the defendant and was not prejudicial. The Court, in _Meidinger_, was not moved to alter the strict application of search warrant procedures and stated:

"While this Court does find that the search warrant was defective because it was not directed to a particular police officer, we do not approve this type of search warrant and recommend that such practices be discontinued."

This was not a license to erode the process but an admonition to recognize that the procedures in this area are to be strictly applied, very simply because they deal with an exception that permits the sovereign to enter upon a constitutionally protected area.

The state's second argument is that it should have been allowed to either amend its Count II of the Information to conform with the affidavit for filing direct, or in the alternative, the court should have dismissed Count II and allowed the state to refile the Information. Section 95-1505, R.C.M. 1947, provides:

"Amending the charge. (a) A charge may be amended _in matters of substance_ at any time before the defendant pleads, without leave of court.

"(b) The court may permit any charge to be amended _as to form_ at any time before verdict or finding if no _additional_ or different offense is charged and if the substantial rights of the defendant are not prejudiced.

"(c) No charge shall be dismissed because of a formal defect which does not tend to prejudice a substantial right of the defendant." (Emphasis added.)

It is, therefore, left to the discretion of the district judge whether or not the information can be amended after pleading. State v. Heiser, 146 Mont. 413, 416, 407 P.2d 370. Here, there is no showing in this respect that the district court abused its discretion.

This Court stated in Heiser:

"The function of an information is two-fold: (1) to give jurisdiction to the court; and (2) to notify a defendant of his offense, thereby giving him an opportunity to defend."

See also: State v. Straight, 136 Mont. 255, 263, 347 P.2d 482.

Here, defendant after pleading not guilty to the Information, prepared his defense of alibi and furnished the names of the witnesses who would testify as to the veracity of his alibi. To then allow the state to change the date, the elements of the crime, and the drug involved would destroy that defense and would in substance charge a different offense. The district court correctly refused the motion to amend the Information.

The district court was also correct in its ruling that to dismiss because of a mistake in the substance of the charge, admittedly not in conformity with the affidavit, with leave to refile would be tantamount to granting the motion to amend as to a matter of substance.

The order of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

Mr. Justice Wesley Castles dissenting:

I dissent as to both the authority of a judge, in this case a police court judge, to issue a search warrant; and, the refusal of the district court to permit amendment or refiling. Suffice it to say that I feel that the majority opinion has interpreted the statutes much too narrowly.

_Wesley Castles_
Justice