MR. JUSTICE DALY,
(concurring in part and dissenting in part) :
I concur that a justice of the peace has jurisdiction and authority to issue a search warrant.
“Section 95-703. Search warrant defined. A search warrant is an order in writing, in the name of the state, signed by a judge, particularly describing the thing or place to be searched and the instruments, articles or things to be seized, directed to a peace officer, commanding him to search for personal property and bring it before the judge.” (Emphasis supplied.)
“Section 95-707. By whom served. A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer on his requiring it, he being present and acting in its execution.” (Emphasis supplied.)
The language in these sections is absolutely clear and unambiguous and needs no interpretation by any court. The language is mandatory that the warrant be served by the officer or officers named in its direction “but by no other person.”.
We were in error in State v. Maidinger, 166 Mont. 310, 502 *231 P.2d 58, in rationalizing that the warrant conld be directed to “any peace officer of this State” and then condemning the practice with the hope it would be discontinued.
In State v. Tropf, 166 Mont. 79, 530 P.2d 1158, 1162, 32 St. Rep. 56, the rationalization in Meidinger was cited as an excuse not to follow the law as it pertains to the issuance of a search warrant and pass off the omissions as “highly technical” defects. Again in Tropf, referring to the admonition in Meidinger, this Court directed:
“This was not a license to erode the process hut an admonition to recognize that the procedures in this area are to he strictly applied, very simply because they deal with an exception that permits the sovereign to enter upon a constitution-ally protected area.” (Emphasis supplied.)
Now the Court is returning to Meidinger and relegislating the rationalization of that ease which cannot be supported in law or in logic.
Here, the argument in the majority opinion seems to say it is not a fatal defect rendering the search warrant invalid, because the “applicant”, although not named, executed the warrant and no prejudice resulted.
A lengthy opinion could be written on the constitutional reasons for the strict application directed in Tropf, however, the constitutional implications referred to there will serve to support these remarks. It makes little difference whether you declare the search warrant “invalid” or you follow the law in a literal sense and declare that unless the officer’s name appears on the face he cannot execute the warrant, valid or not; i.e., the officer cannot enter the protected premises.
Prejudice has nothing to do with the strict application of the statute. However, if an officer goes on the premises illegally, it would seem to follow that the events that transpire thereafter are prejudicial.
The product of the search under this warrant should have been suppressed.