No. 13152

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs -

DAVID OTTLEY BROWN,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert J. Rice argued, Bozeman, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
          Montana
        Donald White, County Attorney, argued, Bozeman,
          Montana

---

                              Submitted:  May 26, 1976

                               Decided:   AUG 2 5 1976

Filed:  AUG 2 5 1976


            _Thomas J. Feasney_
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant David Ottley Brown appeals from a conviction in the district court, Gallatin County. Defendant was convicted of one count of aggravated assault and one count of simple assault. He appeals from the conviction of aggravated assault.

The relevant facts are: On the evening of March 13, 1975, one Ann Docksey, a student at Montana State University, was walking back to her dormitory from work in downtown Bozeman. At an intersection near the campus she approached a man standing at the corner. She testified that as she passed him, the man grabbed her, pressed what was apparently a screwdriver to her throat and attempted to force her into a car. As she was being pressed against the car, another car drove by, frightening her attacker. She then told him she was expected soon at a nearby house to babysit; and at that point the man let her go.

About 10:00 p.m. that same night Ann Docksey was shown a set of photographs by the police. She failed to identify her attacker. Later, at 12:30 a.m., March 14, defendant who had been taken into custody as a result of a separate disturbance in another part of town, was shown to her in a two-man lineup. At this time, Ann Docksey identified defendant as her attacker. Defendant was then on parole for a rape conviction which occurred in 1972.

On March 17, 1975, based in part on Ann Docksey's identification, an Information was filed against defendant. Count I of that Information charged him with aggravated assault against Ann Docksey. It read, in pertinent part, that defendant, in violation of section 94-5-202(1)(a), R.C.M. 1947:

> " * * * purposely or knowingly caused serious bodily
> injury to Ann Docksey by grabbing her by the shoulder
> and putting his arm around her throat and trying to
> force her into a car".

On March 24, 1975, defendant was arraigned and plead not

guilty to Count I and one additional count related to a separate incident. On April 2 the state moved to amend Count I of the Information to charge defendant with violation of section 94-5-202(1)(c), R.C.M. 1947, by purposely or knowingly causing "reasonable apprehension of serious bodily injury in Ann Docksey by use of a weapon * * *." The district court granted this motion over the objection of defendant, and the amended Information was filed the same day. Defendant plead not guilty to the amended Information. Trial was had on May 6, 1975, approximately 34 days after filing of the amended Information.

The jury returned a verdict finding defendant guilty of aggravated assault as specified in Count I and guilty of simple assault on the unrelated second count. He received concurrent sentences of 20 years and 6 months respectively. It is from the judgment and sentence as to aggravated assault that defendant appeals.

Defendant presents several issues for review, but we need discuss only one as it is dispositive of this appeal.

That issue is whether the trial court erred in allowing the prosecution to amend Count I of the Information after defendant had plead to the original information.

Section 95-1505, R.C.M. 1947, reads:

"(a) A charge may be amended in matters of substance at any time before the defendant pleads, without leave of court.

"(b) The court may permit any charge to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.

"(c) No charge shall be dismissed because of a formal defect which does not tend to prejudice a substantial right of the defendant." (Emphasis supplied.)

Defendant contends the amendment to Count I after pleading, was as to matters of substance, and prejudiced substantial rights

- 3 -

of defendant and therefore should not have been granted by the district court. The state counters asserting the amendment of Count I to be one of form rather than substance. In the alternative, the state argues that even if the amendment was one of substance, it did not prejudice a substantial right of the defendant.

Believing discussion of the state's two-pronged argument to be the best method of resolving the issue, we will discuss the state's contentions in turn, citing the recent decision in State v. Stewart, 161 Mont. 501, 504, 507 P.2d 1050, as the basis.

In Stewart, this Court discussed the general test for determining whether an amendment to an information was valid:

> " * * * The question to be decided by this Court is whether the amended information charged a crime different in nature from that previously charged, and if such amendment sufficiently apprised the defendant of the charges against him." (Emphasis supplied.)

In determining whether an amendment to an information is one of substance or form, we again quote from Stewart where this Court was confronted with the same question. There the Court said:

> " The crime charged is the same * * *. The elements are the same. The proof to the crime would remain the same."

Clearly then, the amendment is one of form rather than substance.

What does a comparison of the crime charged in Count I of the original Information and that charged in Count I of the amended Information reveal in the instant case? The original Information charged defendant with violation of subsection (1)(a) of section 94-5-202, R.C.M. 1947. The amended Information charged him with violation of subsection (1)(c) of section 94-5-202, R.C.M. 1947. The pertinent subsections read:

> "94-5-202(1) A person commits the offense of aggravated assault if he purposely or knowingly causes:
>
> "(a) serious bodily injury to another; or

" * * *

"(c) reasonable apprehension of serious bodily
injury in another by use of a weapon; or * * *".

Subsection (1)(a) requires the causing of serious bodily injury.
Subsection (1)(c) merely requires the causing of reasonable
apprehension of serious bodily injury by use of a weapon. Ob-
viously, the essential elements required under subsections (1)(a)
and (1)(c) are different and therefore under the criteria of
Stewart the amended Information charged a crime different in
nature from that previously charged and therefore Count I of the
amended Information contained a new and different offense. Con-
sequently, the amendment was one as to matters of substance. See:
State v. Tropf, 166 Mont. 79, 530 P.2d 1158, 32 St.Rep. 56; Com-
mission Comments to Sections 94-5-201 and 94-5-202, R.C.M. 1947.

The state, citing the fact the motion to amend and amend-
ment occurred 34 days prior to trial, next argues that even if
the amendment was one of substance, it was still valid since no
substantial rights of defendant were prejudiced. Such an inter-
pretation ignores the clear language of section 95-1505, R.C.M.
1947. Subsection (a) allows information amendments of substance
prior to pleading. However subsection (b) essentially carries a
two-fold requirement where information amendment is desired
subsequent to defendant pleading: (1) such an amendment is only
allowed as to matters of form, and (2) only when no substantial
right of the defendant is prejudiced. We recognized this stat-
utory principle in Stewart when the Court said an amendment to
an Information subsequent to pleading can only be as to form and
if such amendment sufficiently apprised the defendant of the charges
against him. Therefore once it is determined that an amendment
subsequent to pleading is as to matters of substance, the Court
need go no further, as that determination is controlling.

This reasoning also applies to section 95-1505(c), since

- 5 -

that subsection reads "No charge shall be dismissed because of a _formal_ defect * * *". (Emphasis supplied.)

Here, subsequent to defendant's not guilty plea, the district court permitted amendment to the Information which charged a new and different offense. Such action is directly contrary to section 95-1505, R.C.M. 1947, and constitutes reversible error. This does not mean that this Court is not cognizant of the State's argument as to the lack of prejudice to substantial rights of defendant resulting from the amendment to the Information. However the language of the statute is clear: no substantive amendment of the Information subsequent to pleading is allowed. The further qualification as to matters affecting substantial rights is just that, a qualification concerning only amendments which have already been determined to be those of form.

We find the statement in State v. Fisher, 79 Mont. 46, 51, 254 P. 872, is appropriate here. In attempting to resolve a similar situation where Information amendment occurred after pleading, this Court quoted with approval from State v. District Court, 36 Utah 396, 104 P. 282, where the Utah Supreme Court said:

> "'The legislature must be understood to mean
> what it has plainly expressed. It is our duty
> to give the statute such effect and not to set
> it aside or evade its operation by forced and
> unreasonable construction.'"

The judgment of the district court is reversed and Count I dismissed.

_____
                          Justice

We concur:

_____

_____

_____
Justices

Hon. Bernard Thomas, District Judge,
sitting in place of Mr. Chief Justice
James T. Harrison

- 6 -

Mr. Justice John Conway Harrison dissenting:

I dissent. The Court here reverses a district court for allowing a timely correction of an essentially clerical error in a charging document. The county attorney originally charged the defendant with the offense of aggravated assault specifically enumerating section 94-5-202(1)(a). That subsection of the offense of aggravated assault has as its aggravating factor serious bodily injury. In the affidavit in support of this charge, it is alleged that:

> "The victim, Ann Docksey, advises that she was accosted on the street by a male who attempted to force her into a red car, the assailant told her that he had a knife at her throat, she reached up with her hand and felt a knife, she subsequently escaped and went to the Bozeman Police Department and she has identified David Ottley Brown as her assailant."

This charge was amended a little more than two weeks after the original charge was filed and more than a month before the trial to allege aggravated assault under section 94-5-202(1)(c) which had as an aggravating factor the reasonable apprehension of serious bodily injury with a weapon. Looking at the facts alleged in the affidavit, it is obvious that this is the appropriate subsection under which to charge. The majority reverses the district court for allowing this amendment.

The requirements for an amendment as to form are set out in section 95-1505(b). No additional or different offense may be charged and there may be no prejudice to the substantial rights of the defendant.

Here the offense is the same, aggravated assault. Section 94-5-202 begins by saying, "(1) A person commits the offense of aggravated assault * * *" (Emphasis supplied.) and then enumerates the various manners in which aggravated assault may be committed. The amendment did not add another offense, it deleted one subsection and substituted another subsection of the same offense.

The first requirement for an amendment as to form is met, there is no new or additional offense charged.

The remaining question is whether the amendment prejudiced the substantial rights of the defendant. The affidavit in support of the original charge set out the fact that a weapon was used and set out facts which give rise to an inference that there was a reasonable apprehension of serious bodily harm. This gave the defendant notice that these facts would be used to support the charge of aggravated assault.

It must be remembered that the basic purposes of the information and the affidavit which supports it are to show that the court has jurisdiction, give notice to the defense of his offense and to protect the defendant against a second prosecution for the same offense. State v. Heiser, 146 Mont. 413, 407 P.2d 370. The original affidavit and information fulfilled these requirements.

An examination of two of the cases cited by the majority helps in understanding the boundaries of section 95-1505(b). In State v. Stewart, 161 Mont. 501, 507 P.2d 1050, the Court allowed an amendment on these facts. The original charge was first degree burglary which did not have second degree burglary as a lesser included offense and which required that the burglary occur during the nighttime. On the day of trial the charge was amended to burglary which included both first and second degree burglary. This Court upheld the amendment saying:

> "The crime charged is the same, i.e., burglary.
> The elements of the crime are the same. The
> proof to the crime would remain the same.
> The only difference between the two charges
> would be the degree of the crime, which must
> be determined by the jury. The amendment of
> the information did not surprise the defendant
> and did not prohibit him from preparing his
> defense against the crime."

This language is equally applicable here. The crime is the same,

aggravated assault. The proof, based on the allegations in the affidavit, would be the same. It is clear that a full months notice prohibits any claim of surprise or inability to prepare a defense to the charge.

An excellent example of a case where the district court was justified in refusing an amendment is State v. Tropf, 166 Mont. 79, 530 P.2d 1158. There the original charge gave the fifth of October as the date on which the crime took place. Defendant gave notice of his defense of alibi and listed his witnesses. The state proceeded to attempt to amend the charge by changing the date of the crime. This Court properly upheld the district court's refusal to allow such an amendment.

But these are not the facts alleged in the present case. Here the original affidavit clearly alleges facts which support a different subsection of the aggravated assault statute than the one typed on the information. It gave clear notice of the factual basis of the charge. The amendment, a little over two weeks after the original charge and better than a month before trial, gave the defendant adequate notice of the crime and plenty of time to prepare his defense. Unless it is argued that the defendant has a substantial right arising out of clerical errors in the charging document, there was no prejudice to the substantial rights of the defendant.

The basic purposes of both the Code of Criminal Procedure and the Criminal Code are to eliminate the excessively formal code pleading aspects of the previous criminal statutes and to promote justice, secure simplicity in procedure and fairness in administration. This means fairness and justice both to the individual charged and to society. In a case like this one where there is no prejudice to the substantial rights of the defendant, societal justice requires that it be allowed that this error be corrected. I would affirm the conviction.

_____
Justice

Mr. Justice Castles dissenting:

I join Justice John Conway Harrison's dissent. I add that the majority opinion is doing great damage to a simple system of charging crimes as contemplated by the Code of Criminal Procedure. We appear to be returning to the highly technical dotting of the "i" and crossing the "t" by distinguishing between subsections of major crimes.

I would affirm the judgment.

_____
Justice

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13152

STATE OF MONTANA,

        Plaintiff and Respondent,

  vs.

DAVID OTTLEY BROWN,

        Defendant and Appellant.

FILED

DEC1 0 1976

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

MEMO OPINION

PER CURIAM:

In this cause a petition for rehearing was granted. The Court having heard oral arguments, taken the matter under advisement in conference, and there being no change in position,

IT IS HEREBY ORDERED that the original opinion stand. Let the remittitur issue.

DATED this 10th day of December, 1976.