No. 01-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 89

CITY OF RED LODGE,

      Plaintiff and Respondent,

  v.

JAMES KENNEDY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon,
Honorable Blair Jones, Judge Presiding

COUNSEL OF RECORD:

      For Appellant:

          Gary E. Wilcox, Attorney at Law, Billings, Montana

      For Respondents:

          Honorable Mike McGrath; Attorney General; Pamela Collins,
Assistant Attorney General, Helena, Montana

          Gary R. Thomas, City Attorney, Red Lodge, Montana

Submitted on Briefs:  January 24, 2002

Decided:  May 2, 2002

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 James Faddis Kennedy (Kennedy) appeals his conviction in the Twentieth Judicial District Court, Carbon County, for stalking and reckless driving. The City of Red Lodge (the City) was joined by the State of Montana as respondents on appeal (collectively, the State). Although Kennedy raises numerous issues on appeal, we limit our discussion to the following dispositive issue, the resolution of which requires a new trial:

¶2 Did the District Court abuse its discretion by accepting an Amended Complaint on the day of trial?

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 Officer Paul B. Nordlund of the Red Lodge Police Department issued Kennedy two Complaints and Notices to Appear in city court in early October 1999. The Complaint for stalking cited a violation of § 45-5-220(1)(b), MCA, a misdemeanor, and alleged that on October 5, 1999, Kennedy parked in front of a young woman's residence with the motor of his pickup running and lights out, then pulled from the parked position and stopped in front of the woman's front living room window. The Complaint for reckless driving and attempting to elude a police officer, in violation of § 61-8-301(1)(b), MCA, stemmed from an incident on October 7, 1999, when Kennedy allegedly drove at excessive speed within the Red Lodge city limits and failed to stop for five stop signs while being pursued by Officer Nordlund, who was attempting to serve an arrest warrant for the October 5 stalking charge.

2

¶4    Following a bench trial in Red Lodge City Court on March 10, 2000, Kennedy was convicted of both offenses.  Kennedy appealed the judgment to the District Court for trial *de novo*.  The county attorney did not file an information or new complaint in District Court to reiterate the basis for the charges against Kennedy.

¶5    Kennedy moved to dismiss the stalking charge on double jeopardy grounds because the City intended to use Kennedy's violations of a 1998 Order of Protection issued by Carbon County Justice Court that resulted in two convictions to prove the "repeated" element of the current stalking charge.  The City's brief in response, filed on July 13, 2000,  alleged eleven incidents of stalking that would prove that Kennedy followed, harassed, threatened or intimidated the young woman repeatedly for two years.  Some of the alleged prior contacts between Kennedy and the young woman had been documented in police reports, but no criminal charges had been filed.  The court dismissed Kennedy's double jeopardy motion.   After a number of continuances, the court scheduled the jury trial to begin on November 28, 2000.

¶6    The day before trial, the Red Lodge City Attorney filed an amended notice of intent to introduce evidence of other crimes, wrongs or acts, with a brief in support.  On the same day, Kennedy filed a motion *in limine* to exclude certain evidence, a motion to dismiss on the grounds of alleged prosecutorial misconduct, and a motion to dismiss the stalking charge on the basis that the City failed to state the offense of repeated stalking behavior in its Complaint and Notice to Appear.   The City filed its response to

3

Kennedy's motions and an Amended Complaint on the morning of the trial.

¶7    The Amended Complaint charged Kennedy with stalking, pursuant to § 45-5-220, MCA, and alleged six specific incidents of the offense, including the October 5 incident that had been charged by the original Complaint. The amendment also stated that between December 1997 and October 5, 1999, the alleged criminal acts of stalking constituted a continuing course of conduct within the meaning of § 45-1-205(7)(a), MCA.

¶8    Prior to the beginning of the trial on November 28, 2000, the parties met in chambers. There, the judge denied both of Kennedy's motions to dismiss; granted, in part, and denied, in part, the opposing parties' motions to introduce and limit evidence at trial; and accepted the Amended Complaint over Kennedy's objections. The trial ensued as scheduled, and the jury returned guilty verdicts to both offenses.

¶9    Kennedy was sentenced to a one-year term in the Carbon County Jail and fined $1000 for stalking, and to a consecutive six-month term and fined $500 for reckless driving/attempting to elude a peace officer. The District Court ordered Kennedy to pay $1500 in restitution and the costs of counseling for the victim. At sentencing, Kennedy received credit against his sentence for time served prior to conviction, and is due to be released from jail on May 22, 2002.

**DISCUSSION**

*Did the District Court abuse its discretion by accepting an Amended Complaint on the day of trial?*

4

¶10 We review a district court's decision to permit an amendment to a criminal complaint or information for abuse of discretion. *State v. Allen* (1996), 278 Mont. 326, 330, 925 P.2d 470, 472 *(citing State v. Matson* (1987), 227 Mont. 36, 42, 736 P.2d 971, 975). An information must reasonably apprise the accused of the charges against him, so that he may have the opportunity to prepare and present his defense. *Allen*, 278 Mont. at 330, 925 P.2d at 472 (*citing Matson*, 227 Mont. at 42, 636 P.2d at 975).

¶11 Section 46-11-205, MCA, provides for an amendment to a criminal information or complaint, as follows:

> (1) The court may allow an information to be amended in matters of substance at any time, but not less than 5 days before trial, provided that a motion is filed in a timely manner, states the nature of the proposed amendment, and is accompanied by an affidavit stating facts that show the existence of probable cause to support the charge as amended. A copy of the proposed amended information must be included with the motion to amend the information.
>
> (2) If the court grants leave to amend the information, the defendant must be arraigned on the amended information without unreasonable delay and must be given a reasonable period of time to prepare for trial on the amended information.
>
> (3) The court may permit an information to be amended as to form at any time before a verdict or finding is issued if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.

The statute allows alteration to the form of a complaint any time prior to verdict, § 46-11-205(3), MCA, but unequivocally prohibits a court from accepting a substantive amendment within five days of

5

the trial. Section 46-11-205(1), MCA. An amendment is one of form when the same crime is charged, the elements of the crime and the proof required remain the same and the defendant is informed of the charges against him. *State v. Sor-Lokken* (1991), 247 Mont. 343, 349, 805 P.2d 1367, 1371.

¶12 Kennedy contends that the Amended Complaint presented substantive changes that expanded the charges against him by altering the statutory citation for the offense of stalking and alleging five specific incidents of stalking that were not included in the original Complaint. He argues that the original Complaint and Notice to Appear charged one violation of subsection (b) of § 45-5-220(1), MCA. By citing the entire stalking statute, the Amended Complaint expanded the charges to encompasses "following the stalked person" under subsection (a) as well as "harassing, threatening or intimidating" under subsection (b). The pertinent part of § 45-5-220, MCA, reads:

> (1) A person commits the offense of stalking if the person purposely or knowingly causes another person substantial emotional distress or reasonable apprehension of bodily injury or death by repeatedly:
>     (a) following the stalked person; or
>     (b) harassing, threatening, or intimidating
>
> the stalked person, in person or by phone, by
>
> mail, or by other action, device, or method.

Kennedy claims he was prejudiced by the District Court's acceptance of the Amended Complaint on the day of trial because he had no time to prepare his defense against the new allegations.

¶13 The State maintains that the Amended Complaint altered only the form of the original Complaint and the District Court was

6

correct to accept the amendment at any time prior to the verdict. Additional allegations of stalking charged no new offense and merely recited repeated instances of the same offense, according to the State. Kennedy had ample notice to prepare a defense, the State argues, because the City had enumerated each act alleged in the amendment in its brief in response to Kennedy's double jeopardy motion filed four months before trial.

¶14 To differentiate amendments of form and substance, we examine whether an amendment to an information or complaint alters the nature of the offense, the essential elements of the crime, the proofs or the defenses. For example, in *State v. Matson* (1987), 227 Mont. 36, 43, 736 P.2d 971, 975, we held insertion of the word "serious" before "bodily injury" to describe the charge of aggravated assault amended the form, not the substance, of an information. Similarly, an amendment to correct a charge from possession of methamphetamine to possession of amphetamine constituted a change in the form of the dangerous drug, and not the substance of the charge. *State v. Clark,* 1998 MT 221, ¶ 52, 290 Mont. 479, ¶ 52, 964 P.2d 766, ¶ 52. By contrast, we held the essential elements of an aggravated assault characterized by "serious bodily injury" are substantively different from the elements of an aggravated assault stemming from a "reasonable apprehension of serious bodily injury by use of a weapon." *State v. Brown* (1976), 172 Mont. 41, 560 P.2d 533. By changing the statutory subsection under which the defendant was charged, the amendment charged a wholly new offense. *Brown*, 172 Mont. at 45,

7

560 P.2d at 535.  Similarly, in *State v.  Hallem* (1978), 175 Mont. 492, 500, 575 P.2d 55, 61, substitution of one subsection of the arson statute for another by amendment constituted a change of substance, altering the crime charged as well as the elements, proofs and defenses.

¶15  An amendment that substitutes one statutory subsection for another, as in *Brown* and *Hallem,* may charge a wholly new offense and require new proofs and defenses.   The amendment in this case, rather than substituting one statutory subsection for another, cites to the entire stalking statute and thus still encompasses the specific criminal acts charged by the original Complaint without supplanting the offense of "following" for the offense of "harassing, threatening or intimidating."  While the more inclusive statutory citation, itself, is a formal amendment, the Amended Complaint also invoked § 45-1-205(7)(a), MCA, to link separate allegations of stalking as a continuous course of conduct, and effectively put Kennedy on notice that the City intended to prosecute criminal conduct dating back to 1997.  We note that a charge under § 45-5-220, MCA, can be proven by evidence of stalking behavior defined by either subsection (a) *or* subsection (b) of the statute.  Because the amendment alleged two explicit incidents of "following the stalked person," in violation of § 45-5-220(1)(a), MCA, and three additional episodes of "harassing, threatening or intimidating" under § 45-5-220(1)(b), MCA, the State could prove the offense with proof of any combination of the acts alleged.  Pursuant to the Amended Complaint, Kennedy could be convicted of

8

the offense of stalking without proof of the incident on October 5, 1999, which served as the basis for the original Complaint.

¶16   We conclude that the addition of several new episodes of stalking to the Amended Complaint, together with the allegation that all incidents formed a continuous course of conduct dating back over two years, constituted a change of substance that added new proofs to the State's burden and required Kennedy to prepare new defenses.   Although the State argues that Kennedy had notice four months prior to trial that the prosecution intended to use the stalking incidents alleged in the Amended Complaint to prove the element of "repeated" criminal conduct, the court may not rely upon ancillary court filings to inform the defendant of the charges against him.   While the Amended Complaint clarified the specific criminal charges against Kennedy prior to trial *de novo* in district court, the proposed amendment was not filed in a timely manner at least five days before trial.   Moreover, the court did not follow the procedures for motioning and re-arraignment required by § 46-11-205, MCA.   We hold the court abused its discretion by accepting the Amended Complaint on the morning of the trial.

¶17   Reversed and remanded.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER

9

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE