DA 10-0154 and DA 10-0155

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 205N

CITY OF HELENA,

        Plaintiff and Appellee,

   v.

BRADLEY W. BROUGH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause Nos. BDC 2009-234 and CDC 2009-235
Honorable Jeffrey Sherlock, Presiding Judge
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Martin J. Eveland, Eveland Law Office, Helena, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        David Nielsen, Helena City Attorney, D. Ole Olson, Deputy City Attorney, Helena, Montana

Submitted on Briefs:  September 8, 2010

Decided:  September 21, 2010

Filed:

_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal stems from two prosecutions of Bradley W. Brough which originated in Helena City Court and then, following convictions in each case, were appealed to the First Judicial District Court, Lewis and Clark County, for trials de novo. The first case involved a charge of DUI alleged to have been committed on May 9, 2008. This case went to trial in City Court on June 11, 2009, and the jury found Brough guilty. The second case involved charges of DUI, driving while license suspended or revoked, reckless driving, careless driving, obstructing a peace officer, resisting arrest, and fleeing from or eluding a peace officer, all alleged to have occurred on or about December 8, 2008. This case went to trial in City Court on June 2, 2009, and the jury found Brough guilty of all charges except resisting arrest. On June 30, 2009, Brough filed his notices of appeal to District Court in both cases.

¶3 The Clerk of District Court assigned the case involving the May 9, 2008 charge to Judge Seeley under cause number CDC-2009-235, and assigned the case involving the December 8, 2008 charges to Judge Sherlock under cause number BDC-2009-234. But in the copies of the notices of appeal that were forwarded to the city prosecutor, the Clerk

2

mistakenly reversed these designations and assigned the December 8 charges to Judge Seeley's court under CDC-2009-235 and the May 9 charge to Judge Sherlock's court under BDC-2009-234. As a result, all of the City's filings relating to the December 8 charges were filed under cause number CDC-2009-235, and all of its filings relating to the May 9 charge were filed under cause number BDC-2009-234. Furthermore, Judge Seeley set trial in CDC-2009-235 for January 19, 2010, and Judge Sherlock set trial in BDC-2009-234 for January 25, 2010. Thus, the prosecutor made preparations to try the December 8 charges on January 19 and to try the May 9 charge on January 25.

¶4 On January 14, 2010, the District Court Clerk discovered the error regarding the cause numbers and notified the prosecutor. Aside from the charging documents, all of the documents filed in Judge Seeley's case related to the December 8 charges, and all of the documents filed in Judge Sherlock's case related to the May 9 charge. In order to correct the mistake, the prosecutor prepared a stipulation calling for the Clerk to simply exchange the complaints between the two court files. Defense counsel, however, refused to sign the stipulation. Accordingly, on January 19, 2010, the prosecutor filed a Motion to Correct District Court Record, asking the court to exchange the complaints between the two files. He also filed a supporting brief in which he explained the mix-up as being the result of a clerical error. The prosecutor pointed out that for months, up until January 14, 2010, both parties had assumed that the December 8 charges were assigned to Judge Seeley and that the May 9 charge was assigned to Judge Sherlock. Nevertheless, defense counsel objected to the prosecutor's motion, arguing that the City's proposal to exchange

the complaints constituted a substantive amendment of the charges and that under § 46-11-205, MCA, such an amendment was prohibited within five days of trial.

¶5 Prior to the commencement of Brough's trial on January 19, Judge Seeley met with counsel and Brough in chambers to discuss the City's motion and Brough's objection. Defense counsel stated that he was prepared for trial in both CDC-2009-235 and BDC-2009-234. In addition, he acknowledged that, aside from the complaint, every filing in Judge Seeley's court under CDC-2009-235 pertained to the December 8 charges. But he still objected to switching the complaints, based on § 46-11-205, MCA.

¶6 Judge Seeley granted the prosecutor's motion to correct the District Court record, finding that the correction was not the type of "amendment" with which § 46-11-205, MCA is concerned, and also finding that Brough was not prejudiced by the correction. Thereafter, on January 21, 2010, Judge Sherlock issued a corresponding order transferring the complaint for the December 8 charges to the CDC-2009-235 file, and transferring the complaint for the May 9 charge to the BDC-2009-234 file. On January 20, 2010, a jury in Judge Seeley's court found Brough guilty of the December 8 charges (except resisting arrest, of which he was acquitted in the City Court). And on January 25, 2010, a jury in Judge Sherlock's court found Brough guilty of the May 9 charge.

¶7 Brough now appeals both convictions, making the same arguments in both cases. Specifically, he contends that exchanging the complaints between the two court files constituted an amendment in matters of substance and that the District Court violated § 46-11-205, MCA, and our decision in *City of Red Lodge v. Kennedy*, 2002 MT 89, 309 Mont. 330, 46 P.3d 602, by allowing such an amendment less than five days before trial.

4

The State argues that the City did not amend the complaints. Rather, in switching the complaints, the District Court simply corrected a clerical mistake made by the District Court Clerk. The State also argues that Brough has not shown that he was prejudiced by the District Court's action.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court did not violate § 46-11-205, MCA, and our decision in *Kennedy*.

¶9 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS

5