

DA 10-0054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 222

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

GLEN D. SPOTTED EAGLE, SR.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 09-045
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Ethan C. Lerman, Attorney at Law, Missoula, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  October 6, 2010

Decided:  October 26, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Defendant, Glen D. Spotted Eagle, Sr. (Spotted Eagle), was convicted by a jury in the Twelfth Judicial District, Hill County, of Partner or Family Member Assault, 3rd or subsequent offense, a felony, and Failure of Disorderly Person to Disperse, a misdemeanor. Spotted Eagle appeals only his Partner or Family Member Assault conviction. We reverse and remand for a new trial.

## BACKGROUND

¶2 On April 7, 2009, the State of Montana charged Spotted Eagle by Information with Count I: Partner or Family Member Assault, 3rd or subsequent offense, a felony, and Count II: Failure of Disorderly Person to Disperse, a misdemeanor. Count I charged that Spotted Eagle "purposely or knowingly caused bodily injury to his partner, Michelle Gobert" in violation of § 45-5-206, MCA. No subsection was cited.

¶3 Trial commenced on September 10, 2009. After all testimony was heard and both the State and Spotted Eagle rested, the State proposed two new jury instructions – Instructions 3A and 4A. Instruction 3A read "A person commits the offense of partner or family member assault if the person purposely or knowingly causes bodily injury or reasonable apprehension of bodily injury in a partner or family member." Instruction 4A read, in pertinent part, "To convict the defendant of partner assault, the State must prove the following elements: 1. That the defendant caused bodily injury or reasonable apprehension of bodily injury to Michelle Gobert, a partner."

2

¶4 Defense counsel objected to the newly proposed instructions, arguing that the basis of the charge against Spotted Eagle "was whether Glen struck Michelle or not." The objection was overruled and the jury was given the new instructions. The jury convicted Spotted Eagle of both counts. Spotted Eagle moved for a new trial based on the new instructions submitted by the State. The District Court denied his motion. Spotted Eagle was sentenced to four years with the Department of Corrections, with all four years suspended. This appeal follows.

¶5 We restate the issue on appeal as follows: *Did the District Court err when it allowed Instructions 3A and 4A to go to the jury?*

## STANDARD OF REVIEW

¶6 The giving of jury instructions is reviewed for an abuse of discretion. *State v. English*, 2006 MT 177, ¶ 39, 333 Mont. 23, 140 P.3d 454; *State v. Cybulski*, 2009 MT 70, ¶ 34, 349 Mont. 429, 204 P.3d 7. The district court has broad discretion in formulating jury instructions. *English*, ¶ 39. We review jury instructions to determine whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. *Cybulski*, ¶ 34. To constitute reversible error, any mistake in instructing the jury must prejudicially affect the defendant's substantial rights. *Id*.

## DISCUSSION

¶7 Spotted Eagle argues that Instructions 3A and 4A amended the charge against him by asserting a new theory not charged in the Information – partner assault by reasonable apprehension of bodily injury. He argues this was an amendment of substance and, as such,

3

was untimely under § 46-11-205, MCA. He also argues the amendment violated his right to due process.

¶8     The State argues the amendment was to form, not substance, that no different offense was charged, and Spotted Eagle's rights were not substantially prejudiced.

¶9     An information must reasonably apprise the defendant of the charges against him so that he may have the opportunity to prepare and present his defense. *City of Red Lodge v. Kennedy*, 2002 MT 89, ¶ 10, 309 Mont. 330, 46 P.3d 602. The State may amend the form of the information at any time prior to the verdict. *State v. Wilson*, 2007 MT 327, ¶ 26, 340 Mont. 191, 172 P.3d 1264. Amendments to substance are prohibited within five days of trial. Section 46-11-205(1), MCA; *Wilson*, ¶ 26.

¶10    "An amendment is one of form when the same crime is charged, the elements of the crime and the proof required remain the same, and the defendant is informed of the charges against him." *Wilson*, ¶ 26; *Kennedy*, ¶ 11. To differentiate between amendments of form and substance, we examine whether the amendment alters the nature of the offense, the essential elements of the crime, the proofs or the defenses. *Wilson*, ¶ 26; *Kennedy*, ¶ 14. An amendment that substitutes one statutory subsection for another may charge a wholly new offense and require new proofs and defenses. *Kennedy*, ¶ 15; *State v. Hallam*, 175 Mont. 492, 499-500, 575 P.2d 55, 60-61 (1978); *State v. Brown*, 172 Mont. 41, 45, 560 P.2d 533, 535 (1976).

¶11    The District Court erred in allowing Instructions 3A and 4A to go to the jury because those instructions improperly amended the charge against Spotted Eagle. The instructions

4

amended not the form, but the substance of the charge against Spotted Eagle. The Information plainly stated that Spotted Eagle was charged with "caus[ing] bodily injury to his partner" which falls under subsection (1)(a) of § 45-5-206, MCA. Instructing the jury regarding "reasonable apprehension of bodily injury," which falls under subsection (1)(c) of § 45-5-206, MCA, changed the essential elements of the charge against him, replacing bodily injury with reasonable apprehension of bodily injury. *Brown*, 172 Mont. at 45, 560 P.2d at 535; *Hallam*, 175 Mont. at 499-500, 575 P.2d at 60-61. Changing the essential elements changed the nature and substance of the charge against Spotted Eagle. *Id*.

¶12 Contrary to the State's argument, generally citing § 45-5-206, MCA, cannot overcome the specific language the State chose when charging Spotted Eagle. It chose to charge him under § 45-5-206(1)(a), MCA, by the plain language used in the Information, despite not specifically citing that subsection. To find otherwise would elevate form over substance. Generally citing § 45-5-206, MCA, does not allow the State to proceed on *any* theory under that Section while leaving the defendant guessing.

¶13 Because the amendment was substantive, it must have occurred at least five days before trial. Section 46-11-205(1), MCA; *Wilson*, ¶ 26. It did not. It was made in the later stages of the trial, after both the State and Spotted Eagle had rested but before the jury was instructed. The amendment was untimely and improper.

¶14 Aside from being untimely, the amendment was also improper because Spotted Eagle was never arraigned on the new charge, in violation of § 46-11-205(2), MCA, nor was he

5

given adequate time to prepare a defense, nor was he even able to cross-examine witnesses on the new charge, all of which were prejudicial to Spotted Eagle.

¶15 Finally, while Instructions 3A and 4A are accurate statements of law generally, they are not accurate statements of the law as applicable in this case. Spotted Eagle was specifically charged with causing bodily injury to a partner. The jury should not have been instructed on the law regarding reasonable apprehension of bodily injury because that was never charged.

¶16 For these reasons, the District Court abused its discretion when it allowed Instructions 3A and 4A to go to the jury.

**CONCLUSION**

¶17 Because Instructions 3A and 4A amended the substance of the charge against Spotted Eagle and that substantive amendment was time-barred, affected Spotted Eagle's substantial rights, and an inaccurate statement of the law applicable to Spotted Eagle's case, we reverse the District Court and remand for a new trial.

/S/ MICHAEL E WHEAT

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE

6