FILED

August 4 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0543

DA 14-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 224N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DANIEL RAYMOND VEGGE,

Defendant and Appellant.

APPEAL FROM:     District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2013-07
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen Jr., Attorney at Law, Great Falls, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

Nickolas C. Murnion, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  July 1, 2015
Decided:  August 4, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On July 18, 2013, the State of Montana filed an Information charging Appellant Daniel Raymond Vegge with the felony offense of operation of a noncommercial vehicle with an alcohol concentration of 0.08 or more in violation of § 61-8-406, MCA.  Vegge, represented by counsel, was arraigned in the Seventeenth Judicial District Court, Valley County, and pleaded not guilty.

¶3      On September 16, the parties signed an omnibus hearing memorandum requiring each party to file proposed jury instructions at least five business days before trial.  The court originally set trial for December 17, 2013.  Vegge moved several times to continue the trial, which was finally held on May 7, 2014.

¶4      Meanwhile, on January 9, 2014, the State filed proposed jury instructions, which included instructions on a DUI charge and the elements of a DUI instead of operation of a noncommercial vehicle with an alcohol concentration of 0.08 or more.  On May 1, 2014, the State filed a request for revised jury instructions.  The State asked to withdraw its earlier-proposed instructions and replace them with instructions related to the offense of

operation of a noncommercial vehicle with an alcohol concentration of 0.08 or more, for which Vegge was charged and arraigned. The State's original and revised jury instructions each included a certificate of service to Vegge's counsel at the address provided in the counsel's notice of appearance.

¶5 At trial, Vegge moved for mistrial, alleging that the State's revised jury instructions were filed late and were "different than what the Information said." The District Court denied Vegge's motion based on "the language in the Information[,] which clearly sets forth the Offense of Operation of a Noncommercial Vehicle With Alcohol Concentration of 0.08 or More . . . [;] the minutes[,] which reflect that that indeed was the charge the defendant was informed of at the time of his initial appearance;" and the State's statement that it erred by reciting the wrong charge in its original proposed jury instructions. The court further noted that there was "no prejudice to the defendant since he was fully informed of the charge in the Information as well as at the initial appearance." After trial, the jury found Vegge guilty of operation of a noncommercial vehicle with alcohol concentration of 0.08 or more. Vegge appeals the District Court's denial of his motion for mistrial. We affirm.

¶6 A district court has broad discretion to formulate jury instructions, which we review for abuse of discretion. *State v. Spotted Eagle*, 2010 MT 222, ¶ 6, 358 Mont. 22, 243 P.3d 402. "A court abuses its discretion if it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *Chase v. Bearpaw Ranch Ass'n*, 2006 MT 67, ¶ 15, 331 Mont. 421, 133 P.3d

3

190 (citation omitted). "To constitute reversible error, any mistake in instructing the jury must prejudicially affect the defendant's substantial rights." *Spotted Eagle*, ¶ 6. "An information must reasonably apprise the defendant of the charges against him so that he may have the opportunity to prepare and present his defense." *Spotted Eagle*, ¶ 9.

¶7 Here, the State charged Vegge with the offense of operating a vehicle with an alcohol concentration of 0.08 or more in violation of § 61-8-406, MCA. The State's initial proposed jury instructions, which instructed the jury on a different charge, were never presented to the jury. Rather, the District Court instructed the jury on Vegge's charged offense of operation of a motor vehicle with an alcohol concentration of 0.08 or more. Pursuant to the parties' omnibus hearing memorandum, the State filed the revised instructions more than five business days before trial. The District Court's acceptance of the revised instructions did not, as Vegge contends, allow the State to "switch[] the charged elements without notice to the defendant." Unlike *Spotted Eagle*, on which Vegge relies, the instructions actually given to the jury matched the elements of the crime for which Vegge was charged and arraigned. Vegge was on notice of the crime for which he was charged and, accordingly, the change in proposed jury instructions did not compromise his ability to prepare and present a defense.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

4

application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE