No. 02-705

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 250

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MELVIN GARDIPEE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and for the County of Cascade, Cause No. ADC-01-513,
                      The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Eric Olson, Cascade County Chief Public Defender; Jeffry L. Olson, Deputy
           Public Defender, Great Falls, Montana

           Carl B. Jensen, Jr., Public Defenders Office, Great Falls, Montana

      For Respondent:

           Hon. Mike McGrath, Attorney General; Robert Stutz,
           Assistant Attorney General, Helena, Montana

           Brant Light, Cascade County Attorney, John Parker, Gregory Bonilla,
           Deputy County Attorneys, Great Falls, Montana

                      Submitted on Briefs:  February 3, 2004

                              Decided:  September 8, 2004

Filed:

_____
                      Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Melvin Gardipee (Gardipee) was convicted of family member assault, a felony, in violation of § 45-5-206(1)(a), MCA, by a jury in Montana's Eighth Judicial District Court, Cascade County. Gardipee appeals the District Court's order allowing the State to amend its Information. We affirm.

¶2 The sole issue raised on appeal is whether the District Court abused its discretion when it allowed the State to file an Amended Information on the morning of the trial.

## BACKGROUND

¶3 On December 21, 2001, the State filed an Information alleging that Melvin Gardipee committed five offenses, including the following:

> COUNT IV: PARTNER MEMBER ASSAULT, A MISDEMEANOR, in violation of MCA § 45-5-206(1)(a)(2001). The above-named defendant purposely or knowingly caused bodily injury to a family member, namely his daughter, Valarie Gardipee.

With the permission of the District Court, the State filed an Amended Information on May 20, 2002, the morning of the trial. The Amended Information included the following:

> COUNT IV (AMENDED): FAMILY MEMBER ASSAULT, A FELONY, in violation of MCA § 45-5-206(1)(a)(2001). The above-named defendant purposely or knowingly caused bodily injury to a family member, namely his daughter, Valarie Gardipee. The Defendant was convicted on one count of domestic abuse on December 4, 1988, and was convicted on two additional counts of domestic abuse on January 26, 1993.

¶4 A jury found Gardipee guilty of several of the offenses charged against him, including Count IV. Gardipee appeals the District Court's order permitting the State to file its Amended Information.

## STANDARD OF REVIEW

¶5 Whether to allow the amendment of an information is left to the discretion of the trial

2

court. *State v. Abe*, 1998 MT 206, ¶ 28, 290 Mont. 393, ¶ 28, 965 P.2d 882, ¶ 28. We review discretionary trial court rulings to determine whether there has been an abuse of discretion. *Abe*, ¶ 28.

## DISCUSSION

¶6    Did the District Court abuse its discretion when it allowed the State to file an Amended Information on the morning of the trial?

¶7    Gardipee alleges the District Court erred by permitting the State to file the Amended Information on the morning of the trial. Amendments to the substance of an Information must be filed not less than five days before trial, but amendments to the form of an Information may be filed any time prior to verdict if the substantial rights of the defendant are not prejudiced. Section 46-11-205, MCA, *City of Red Lodge v. Kennedy*, 2002 MT 89, ¶ 11, 309 Mont. 330, ¶ 11, 46 P.3d 602, ¶ 11. Gardipee concedes that the Amended Information was an amendment of form rather than substance. Accordingly, amendment of the Information on the day of trial was proper "if the substantial rights of the defendant are not prejudiced." Section 46-11-205(3), MCA.

¶8    Gardipee argues that his substantial rights were prejudiced by changing Count IV from a misdemeanor to a felony, which carries a much more severe penalty. Under Montana law, a first conviction of Partner or Family Member Assault constitutes a misdemeanor punishable by a fine from $100 to $1000 and imprisonment in the county jail for 24 hours to 1 year. Section 45-5-206(3)(a)(i), MCA. A second offense, also a misdemeanor, is punishable by a fine from $300 to $1000 and imprisonment in the county jail from 72 hours to 1 year. Sections 45-5-206(3)(a)(ii), MCA. A third or subsequent conviction, however, constitutes a felony and carries a penalty of $500 to $50,000 and imprisonment of 30 days

3

to 5 years. Section 45-5-206(3)(a)(iv), MCA. Gardipee asserts that if he and his counsel had advance notice of the Amended Information and the more severe penalty, their "plea bargaining and trial strategy may have taken a different course."

¶9      We hold that Gardipee's substantial rights were not violated when the District Court allowed the State to amend the Information on the day of the trial. The only difference between the first Information and the Amended Information was the recognition that pursuant to Montana statute, a persistent offender of the partner or family member assault statute receive an enhanced sentence for a third or subsequent conviction. The elements of the crime were not changed. Under the Amended Information, Gardipee was still charged under the same statute. Gardipee's substantial rights were not prejudiced by amendment of the Information to reflect the statutorily-mandated sentencing range for a repeat offender.

¶10     Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE

4