Justice James Jeremiah Shea delivered the Opinion of the Court.
***105 ¶1 Terrence Felix Hardground appeals from the jury verdict and sentence of the Seventeenth Judicial District Court, Blaine *712 County, for Failure of Sexual Offender to Provide Notice of Change of Residence.
¶2 We review the following issue on appeal and reverse:
Whether the District Court abused its discretion by granting the State's Motion to Amend the Information on the day of trial, immediately prior to opening statements.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 On September 2, 2014, the State initially charged Hardground by Information with one count of Failure of Violent Offender to Provide Notice of Change of Residence, a felony in violation of §§ 46-23-504(1)(c), -505, -507, MCA. The Information stated that on or before December 19, 2013, Hardground failed to appear in person and give notification of his change of residence to the registration agency within three business days. On October 20, 2014, the State filed an Amended Information, adding "Sexual Offender" to the offense ***106 description but leaving December 19, 2013, as the offense date. On February 4, 2015, the State filed a Second Amended Information. On February 23, 2015, the District Court held a hearing for Hardground's initial appearance on the Second Amended Information. The District Court expressed concern that the facts constituting probable cause to charge Hardground with the offense were not recited in the charging documents and requested that the State file another amended information. On February 25, 2015, the State filed a Third Amended Information, which still included the December 19, 2013 offense date but added the predicate offense warranting sexual offender registration-a 1994 conviction in the Northern Cheyenne Tribal Court.[1] After Hardground was arraigned on the Third Amended Information and entered a plea of not guilty, the District Court set a trial date for June 4, 2015.
¶4 On June 4, 2015, the District Court presided over a one-day jury trial. Following the preliminary jury instructions, and immediately prior to breaking for a lunch recess, the State moved orally to amend the Information, pursuant to § 46-11-205(3), MCA, to reflect the proper date of the alleged offense: August 5, 2014. The State contended the change of date was not a substantive amendment and instead characterized the correction as a "typographical error." The State represented to the District Court that the proper date was set forth in the State's original Motion for Leave to File an Information, which described that Blaine County Sexual or Violent Offender Registry Administrator Debbie Gomke received a phone call on or around August 5, 2014, with information that Hardground was out of compliance with his offender registration requirements.
¶5 Hardground objected to the proposed amendment, arguing that the jury was empaneled and defense counsel was prepared to proceed "based on the fact that Mr. Hardground was arraigned on the December 19[ ], 2013[ ] date" and "on that specific set of facts." Hardground argued that the requirement to register at a particular address in a three-day window was specific to the offense charged. He pointed out that the Information was amended four times, and in each ***107 version the December 19, 2013 date appeared.
¶6 The District Court concluded, "there's certainly no different offense charged, and there's no additional offense charged. It's the same charge." The District Court allowed the State to amend the Information to reflect the August 5, 2014 date. During trial, the State offered testimony as to where Hardground lived during August of 2014; the State did not offer direct testimony as to where Hardground lived in December of 2013. On June 4, 2015, the jury convicted Hardground of Failure of Sexual Offender to Provide Notice of Change of Residence. On November 10, *713 2015, the District Court sentenced Hardground to the Department of Corrections' custody for five years, minus credit for time served.
STANDARD OF REVIEW
¶7 We review a district court's decision to permit an amendment to a criminal complaint or information for an abuse of discretion. State v. Wilson , 2007 MT 327, ¶ 19, 340 Mont. 191, 172 P.3d 1264 ; State v. Yecovenko , 2004 MT 196, ¶ 20, 322 Mont. 247, 95 P.3d 145, rev'd in part on other grounds . A district court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. Wilson , ¶ 18.
DISCUSSION
¶8 Whether the District Court abused its discretion by granting the State's Motion to Amend the Information on the day of trial, immediately prior to opening statements.
¶9 An information is a written accusation of criminal conduct prepared on behalf of the State and must reasonably apprise the accused of the charges against him so he may have an opportunity to prepare and present his defense. Wilson , ¶ 25 ; State v. Allen , 278 Mont. 326, 330, 925 P.2d 470, 472 (1996). Montana law regarding amending an information states in relevant part:
(1) The court may allow an information to be amended in matters of substance at any time, but not less than [five] days before trial, provided that a motion is filed in a timely manner, states the nature of the proposed amendment, and is accompanied by an affidavit stating facts that show the existence of probable cause to support the charge as amended. A copy of the proposed amended information must be included with the motion to amend the information.
***108 (2) If the court grants leave to amend the information, the defendant must be arraigned on the amended information without unreasonable delay and must be given a reasonable period of time to prepare for trial on the amended information.
(3) The court may permit an information to be amended as to form at any time before a verdict or finding is issued if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.
Section 46-11-205, MCA. Thus, an amendment to the Information the morning of trial is only permissible when (1) the amendment applies to matters of form not substance, and (2) the amendment does not prejudice the substantial rights of the defendant. State v. Hallam , 175 Mont. 492, 500, 575 P.2d 55, 60-61 (1978) (citing State v. Brown , 172 Mont. 41, 45, 560 P.2d 533, 535 (1976) ).
¶10 An amendment is one of form "when the same crime is charged, the elements of the crime and the proof required remain the same, and the defendant is informed of the charges against him." City of Red Lodge v. Kennedy , 2002 MT 89, ¶ 11, 309 Mont. 330, 46 P.3d 602 ; State v. Sor-Lokken , 247 Mont. 343, 349, 805 P.2d 1367, 1371 (1991). Conversely, an amendment is one of substance where it alters the nature of the offense, the essential elements of the crime, or the proofs and the defenses required. Kennedy , ¶¶ 11, 14.
¶11 In City of Red Lodge v. Kennedy , we held that a district court abused its discretion when it allowed the State to amend its complaint the morning of trial to charge a stalking offense under a more inclusive statutory provision and to add additional episodes of stalking that, together with the initial allegation, formed a continuous course of conduct dating back years. Kennedy , ¶¶ 14-16. This Court concluded that, based on the amended allegations, the defendant could be convicted of the offense without proof of the underlying incident alleged in the initial complaint. Kennedy , ¶ 15. Thus, we determined the conviction required reversal because the amended complaint alleged new substantive allegations that changed the State's burden and required the defendant to prepare new defenses. Kennedy , ¶ 16 ; see also Hallam , 175 Mont. at 499-500, 575 P.2d at 60-61 (reversing a district court's grant of an amendment substituting one subsection of the arson statute for another because it altered the crime charge and thus constituted a change of substance).
*714 ¶12 By contrast, in State v. Yecovenko , we concluded that an amendment to an information made five days before trial changing the alleged date of the offenses of sexual assault and sexual abuse of ***109 children was an amendment of form and not substance. Yecovenko , ¶¶ 14-15, 32. There, the State moved to amend the information to change the dates of the allegations from " 'May and/or June 2000' " to " 'March 2000 through June 2000' " and " 'June and/or July 2000' " to " 'March 2000 through July 2000.' " Yecovenko , ¶¶ 14-15. We held that the same crimes were charged, the elements and proof required did not change, and the defendant was informed of the charges against him and was not prejudiced by the amendment. Yecovenko , ¶ 32 ; see also State v. Bahr , 2009 MT 378, ¶¶ 9, 12-13, 353 Mont. 294, 224 P.3d 610 (an amendment was one of form not substance where the State amended the Information charging the defendant with failure to provide notice of change of residence to replace the term "change of address" with "change of residence" and adding § 46-23-502(10), MCA, the definition of "sexual or violent offender"); State v. Gardipee , 2004 MT 250, ¶ 9, 323 Mont. 59, 98 P.3d 305 (an amendment made the day of trial to include reference to a statutorily-mandated sentencing range for a repeat offender was an amendment of form and did not violate the defendant's substantial rights-the elements of the charged crime were not changed, only the recognition that a persistent offender was subject to an enhanced sentence for subsequent convictions); State v. Romero , 279 Mont. 58, 77-78, 926 P.2d 717, 729-30 (1996) (where the facts, circumstances, and acts for which the defendant is charged are set forth with sufficient certainty to constitute an offense, an erroneous statutory reference or offense name will not invalidate a charge; amendment to correct the citations is permissible).
¶13 "[A] sexual or violent offender ... shall register within 3 business days of entering a county of this state for the purpose of residing or setting up a temporary residence for 10 days or more or for an aggregate period exceeding 30 days in a calendar year...." Section 46-23-504(1)(c), MCA ; § 46-23-505, MCA ("the offender shall within 3 business days of the charge appear in person and give notification of the change to the registration agency...."); § 46-23-507, MCA ("[a] sexual or violent offender who knowingly fails to register, verify registration, or keep registration current ... may be sentenced to a term of imprisonment of not more than 5 years....").
¶14 In this case, the District Court concluded that changing the date in the Information from December 19, 2013, to August 5, 2014, was an amendment of form, not substance, and it was within its discretion to allow the amendment on the day of trial. The District Court further concluded that because no opening statements had been given and no evidence presented, Hardground's substantial rights had not been prejudiced.
***110 ¶15 The State argues that the District Court did not abuse its discretion when it permitted the State to amend the Information on the day of trial to correct a "scrivener's error." The State further argues that the District Court properly concluded the amendment was one of form and not substance, and the amendment did not prejudice Hardground's substantial rights.
¶16 Hardground responds that the District Court abused its discretion when it granted the State's oral motion to amend the Information on the day of trial. Hardground argues the amendment in this instance was one of substance and was made within five days of trial, in violation of § 46-11-205, MCA. Hardground argues that because the charge of Failure of Sexual Offender to Provide Notice of Change of Residence is an offense that requires proof of when the accused was or was not living at a specific residence, and whether the failure to provide notice occurred within three days of when the change of residence occurred, the last-minute amendment to the offense date altered the proofs required and his defense to the charge. We agree.
¶17 Although an amendment to the date in an information might ordinarily constitute an amendment of form, see Yecovenko , ¶¶ 14-15, here, the number of days a sexual or violent offender has to provide notice to the proper authorities of change of residence is an element of the offense charged, see *715 §§ 46-23-504, -505, MCA ; Kennedy , ¶¶ 11, 14. Proof of this element, or rebuttal by the defense, requires evidence of conduct on a specific date or dates. E.g. , State v. Pearrow , 2011 MT 18, ¶¶ 13-15, 359 Mont. 177, 248 P.3d 799 (applying § 46-23-505, MCA (2005) ). The difference of roughly seven months between when the alleged conduct in the initial Information occurred versus when the alleged conduct in the amended Information occurred changed the facts and acts for which the Hardground was charged. See Romero , 279 Mont. at 77-78, 926 P.2d at 729-30. Moreover, like the defendant in City of Red Lodge v. Kennedy , Hardground could be convicted of the underlying offense of Failure of Sexual Offender to Provide Notice of Change of Residence without proof of the allegation contained in the Information the State used up until the morning of trial. See Kennedy , ¶ 15. The amendment to the date is therefore one of substance. See Kennedy , ¶ 14 ; § 46-11-205(1), MCA. Accordingly, the District Court abused its discretion when it allowed the State to amend the Information to change the dates contained therein on the day of trial. See Wilson , ¶ 19 ; § 46-11-205(1), MCA.
¶18 Because we reverse the District Court's grant of the State's oral Motion to Amend Information and remand this matter to the District ***111 Court, we decline to address the other issues Hardground raises in his appeal. See, e.g. , Alfson v. Allstate Prop. & Cas. Ins. Co. , 2013 MT 326, ¶ 15, 372 Mont. 363, 313 P.3d 107.
CONCLUSION
¶19 The District Court abused its discretion when it permitted the State to amend the Information on the day of trial. We reverse and remand for further proceedings consistent with this Opinion.
We Concur:
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

The Third Amended Information also included an assault conviction adjudicated in federal court that allegedly required Hardground to register as a violent offender. However, during the March 5, 2015 hearing on Hardground's initial appearance on the Third Amended Information and Hardground's Motion to Dismiss, it was determined that Hardground's federal conviction did not require violent offender registration. The State then orally withdrew the allegation requiring Hardground to register as a violent offender but maintained Hardground was required to register as a sexual offender.