FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0643

DA 19-0643

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 59N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DANIEL TODD COLLINS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DC-18-121
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Tyson Allen McLean, Kris A. McLean Law Firm, PLLC, Missoula,
Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Ben Krakowka, Deer Lodge County Attorney, Anaconda, Montana

                    Submitted on Briefs:  February 3, 2021

                                 Decided:  March 9, 2021

Filed:

                    _____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Todd Collins appeals a jury verdict and judgment finding him guilty of two counts of Criminal Child Endangerment in violation of § 45-5-628, MCA. Collins argues that the District Court erred by denying his motion for a continuance to obtain expert witnesses; denying his motion for a continuance to obtain private counsel; and denying his motion for a mistrial due to prosecutorial misconduct. He argues that his trial counsel provided ineffective assistance on the same issues. We affirm.

¶3 On November 2, 2018, Montana Highway Patrol Trooper Joseph Fowler arrested Collins on suspicion of driving under the influence of alcohol. Because there were two minors in the vehicle, the State charged Collins with two counts of Criminal Child Endangerment in violation of § 45-5-628, MCA, along with several other misdemeanor violations. Trial was set for April 22, 2019. At the final pretrial conference on April 3, the District Court granted Collins a continuance of trial, over the State's objection, to pursue the possibility of obtaining a medical or other expert witness to explain a problem with Collins's eyes to rebut the State's evidence of Collins's poor performance on the Horizontal Gaze Nystagmus ("HGN") test. The court set the trial for late June. About

2

twenty days before the scheduled jury trial, Collins again moved for a continuance so that he could save enough money to hire potentially two expert witnesses: one to examine the previously discussed issue with Collins's eyes that he claimed affected his performance on the HGN test and another to testify on a potential medical issue with his liver, which he claimed affected detection of his blood alcohol levels. The Office of Public Defender had denied Collins funds for these potential experts. Collins presented no evidence of any existing diagnosis for either condition and had neither retained nor found any experts to perform any examinations. The District Court expressed skepticism at the practicality of Collins being able to secure the funds for two experts and found the reasons for the motion "wispy at best." The District Court denied Collins's motion for a continuance.

¶4    Collins's trial commenced on June 24, 2019. The morning of trial, Collins pleaded guilty to the misdemeanor charges, leaving only the two Criminal Child Endangerment charges for the jury. Prior to voir dire, Collins again moved the court to continue his trial, this time so he could retain private counsel in place of his public defender. Collins provided the District Court with the number of a Missoula-based attorney with whom he had consulted; the District Court called the Missoula attorney. The attorney stated that about five days prior to trial he had a conversation with Collins and told him that representation may be possible if the trial was continued. The attorney told the District Court, however, that he considered Collins only a prospective client and they had never discussed any substantive facts or the cost of any representation, nor had they signed any agreement. After the call ended, Collins informed the District Court that he had the money to retain

3

the private attorney but had not told the attorney that because they "never got that far into the conversation." The District Court denied the motion and proceeded with trial.

¶5 The State called Trooper Fowler as its first witness. About halfway through his direct examination, the parties went into chambers to discuss an issue regarding a juror. The juror had come into possession of the prosecutor's notes on Trooper Fowler's anticipated testimony. The prosecutor represented that he had been helping court staff tape down an extension cord during the lunch break and must have inadvertently left his examination notes on the juror's chair. The District Court accepted the explanation as an honest mistake and called the juror in for questioning. The juror stated that he was the only person to see the notes, and no other juror had asked him about them. The juror acknowledged that the notes contained the State's examination questions and that some of Trooper Fowler's answers were not exactly the same as what the State anticipated. The court dismissed the juror, replacing him with the alternate. Collins moved for a mistrial, which the District Court denied. The jury found Collins guilty of both counts of Criminal Child Endangerment.

¶6 Collins first argues that by denying his requests for continuance to secure expert witnesses and to retain private counsel, the District Court violated his constitutional rights. This Court reviews for abuse of discretion a district court's ruling on a motion to continue trial. *State v. Garcia*, 2003 MT 211, ¶ 10, 317 Mont. 73, 75 P.3d 313 (citation omitted). "A district court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason resulting in

4

substantial injustice." *State v. Hardground*, 2019 MT 14, ¶ 7, 394 Mont. 104, 433 P.3d 711 (citation omitted). A party seeking a continuance must demonstrate a sufficient level of diligence in preparing for trial, and that a continuance is "in the interests of justice." *State v. Duncan*, 2008 MT 148, ¶ 37, 343 Mont. 220, 183 P.3d 111 (citation omitted). The District Court determined that Collins had not demonstrated sufficient diligence in attempting to secure either expert witnesses or private counsel. The District Court already had granted Collins one continuance to pursue an expert. Collins did not present the District Court with the names of any prospective experts or have an estimate of the costs associated with retaining any such experts. Further, Collins did not provide any medical documentation or affidavit evidencing that he indeed suffers from his claimed eye and liver disorders in the first place, making any defense based on those disorders pure speculation. Collins's counsel represented the nature of the request was just to "have time to [] locate the expert and try and flush [sic] it out." Collins has not met his burden on appeal to demonstrate that the District Court abused its discretion when it refused to continue the trial.

¶7 For similar reasons, the District Court did not abuse its discretion in denying Collins's motion for a continuance to attempt to retain private counsel. Collins had a conversation with a private attorney just five days before trial and did not make his request until the morning of voir dire. Collins did not discuss with private counsel the costs associated with any possible representation, and there was no agreement that the prospective private counsel would or could actually represent Collins if the trial were continued. As it stood, Collins had a public defender familiar with his case and ready to

5

go to trial that day. Finally, Collins did not know what private counsel's retainer would be, and the District Court reasonably doubted Collins's asserted ability to pay based on his indigent status. Given the uncertainties and the timing of his request on the morning of trial, Collins has not met his burden to show that he displayed diligence in seeking private counsel or that a continuance was needed to further "the interests of justice." The District Court did not abuse its discretion by denying the motion.

¶8     Collins next argues that the prosecutor committed misconduct when he left his notes on the juror's chair, and the District Court should have granted a mistrial based upon that misconduct. We review for abuse of discretion a district court's ruling on a motion for mistrial. *State v. White*, 2008 MT 129, ¶ 8, 343 Mont. 66, 184 P.3d 1008 (citation omitted). "A district court's decision to grant or deny a motion for mistrial must be based on whether the defendant has been denied a fair and impartial trial." *State v. Bollman*, 2012 MT 49, ¶ 33, 364 Mont. 265, 272 P.3d 650 (citation omitted). The District Court noticed a juror reading from something midway through Trooper Fowler's testimony. At that point the court immediately called a recess and brought the matter to the attention of both parties in chambers. Once the prosecutor admitted the juror was reading from his trial notes, the District Court stated the juror would be replaced with the alternate. Further, the District Court questioned the juror, who represented numerous times that he was the only one with access to the notes and that no other juror had asked about them. There was no evidence that any other juror saw or read the trial notes. The District Court based its decision on its conscientious judgment that no further jury contamination occurred, and

6

there is no evidence suggesting any injustice that denied Collins a fair and impartial trial. The District Court did not abuse its discretion in denying Collins's motion for a mistrial.

¶9     Because we conclude that the State's inadvertent action did not deny Collins a fair and impartial trial, Collins cannot meet his burden to demonstrate prosecutorial misconduct. *See Clausell v. State*, 2005 MT 33, ¶ 11, 326 Mont. 63, 106 P.3d 1175 (citation omitted) ("Misconduct by a prosecutor may form the basis for granting a new trial where the prosecutor's actions have deprived the defendant of a fair and impartial trial.").

¶10    Finally, Collins argues he received ineffective assistance of counsel when his defense counsel failed to secure an expert witness and failed to move the District Court to question the remaining jurors on whether they had seen or considered the State's notes. Ineffective assistance of counsel claims are mixed questions of law and fact that this Court reviews de novo. *State v. Ugalde*, 2013 MT 308, ¶ 28, 372 Mont. 234, 311 P.3d 772 (citation omitted). The record demonstrates that Collins's public defender took reasonable actions to acquire an expert witness by requesting funds from the Office of Public Defender and by moving the District Court to continue the trial so that Collins could save up funds for one. The record is also clear, however, that the public defenders' office denied the request and that Collins personally did not have available funds for an expert. Defense counsel took reasonable steps to acquire expert witnesses under the circumstances, and his lack of success does not constitute deficient performance.

¶11    We conclude further that defense counsel did not render deficient performance when he did not move the District Court to question the jury on whether other members were

7

exposed to the prosecutor's trial notes. The dismissed juror repeatedly and adamantly stated that he alone handled or read the notes and that no other juror asked about what they were. Considering the juror's statements, there are valid tactical and strategic reasons why defense counsel would not want to draw the jury's attention to the matter any further. *See generally Garding v. State*, 2020 MT 163, ¶ 16, 400 Mont. 296, 466 P.3d 501 (this Court indulges in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984) (the wide range of reasonable professional assistance includes "sound trial strategy" decisions made by defense counsel).

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The judgment is affirmed.


/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

8