FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0136

DA 22-0136

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 13N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

NEEGE R. NELSON,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2019-90
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: December 21, 2022

Decided: January 24, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Neege Nelson appeals from an order entered by the Montana First Judicial District, Lewis and Clark County, affirming Nelson's sentence in the Lewis and Clark County, City of Helena, Justice Court for driving under the influence of alcohol (DUI), third offense, in violation of § 61-8-401(1)(a), MCA (2015). We affirm.

¶3 On October 8, 2017, Nelson was cited for misdemeanor DUI, first offense, in violation of § 61-8-401(1)(a), MCA (2015). The Justice Court arraigned him on the charge on October 10, 2017. Nelson entered a plea of not guilty, and the Justice Court informed Nelson of his rights. The Justice Court scheduled a jury trial for March 1, 2018. On February 21, 2018, the Justice Court granted the State leave to amend its initial Complaint but did not file the order until February 26, 2018. On February 23, 2018, the Justice Court issued a notice for Nelson to appear for an arraignment on the Amended Complaint on March 1, 2018. In relevant part, the Amended Complaint charged Nelson with misdemeanor DUI, third offense, in violation of § 61-8-401(1)(a), MCA (2015), and included an alternative charge of DUI per se.

¶4 On March 1, 2018, the Justice Court commenced a jury trial but did not arraign Nelson on the Amended Complaint. This trial resulted in a mistrial. Nelson was retried on the Amended Complaint on August 28, 2018, still without having been arraigned on the

2

Amended Complaint. The jury found Nelson guilty of misdemeanor DUI, third offense, in violation of § 61-8-401(1)(a), MCA (2015). The Justice Court sentenced Nelson in accordance with the mandatory minimum sentence for a DUI, third offense. Nelson objected, arguing that his sentence should reflect a DUI, first offense, because he was arraigned on the initial Complaint and not the Amended Complaint. Nelson appealed to the District Court. The District Court affirmed Nelson's conviction and sentence.

¶5      When a party appeals a ruling issued by a justice court established as a court of record, a district court functions as an intermediate appellate court but is confined to review the record and questions of law. *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70 (citing §§ 3-5-303 and 3-10-115(1), MCA). When a party then appeals from the district court to this Court, we review the justice court's ruling as if the appeal originally had been filed in this Court without district court review. *State v. Maile*, 2017 MT 154, ¶ 7, 388 Mont. 33, 396 P.3d 1270. We undertake an independent examination of the record, *Maile*, ¶ 7 (internal citation omitted), and "review the [j]ustice [c]ourt's factual findings for clear error and its legal conclusions for correctness, *State v. Seaman*, 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137 (internal citations omitted). This Court reviews a justice court's determination "to permit an amendment to a criminal complaint or information for an abuse of discretion." *State v. Hardground*, 2019 MT 14, ¶ 7, 394 Mont. 104, 433 P.3d 711 (internal citations omitted).

¶6      Nelson argues that the Justice Court erred by sentencing him for DUI, third offense, because the amendments to the initial Complaint were substantive and he was not arraigned

3

on the Amended Complaint.[1]  A court may allow a criminal complaint to be amended in matters of substance so long as the amendment is made "not less than 5 days before trial" and the court, among other things, arraigns the defendant on the amended complaint. Section 46-11-205(1)-(2), MCA.  "[I]f the amendment is to matters of form, then under § 46-11-205(3), MCA, the court may permit the amendment 'at any time before a verdict or finding is issued if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.'"  *State v. Green*, 2012 MT 307, ¶ 56, 367 Mont. 437, 291 P.3d 1144.  Regardless of matters of substance or form, "'[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial . . . .'"  *State v. Hudon*, 2019 MT 31, ¶ 29, 394 Mont. 226, 434 P.3d 273 (quoting § 46-20-701(1), MCA). An error is not prejudicial when it does not affect the substantial rights of the accused.  *See Hudon*, ¶ 29 (citing § 46-20-701(2), MCA).

¶7     Nelson asserts that the amendments to the initial Complaint were substantive because the Amended Complaint included an alternative charge of DUI per se and replaced the initial charge of DUI, first offense, with the charge of DUI, third offense.  Regardless of whether the amendments were as to substance or form, however, the Justice Court

---

[1] Nelson also asserts that the District Court erred by failing to issue an order granting the State leave to amend the initial Complaint and allowing the State to file the Amended Complaint less than five days before the mistrial that occurred in March.  The Justice Court issued an order granting the State leave to amend and the State filed the Amended Complaint over five months before Nelson's trial in August of 2018.

allowing the State to amend the initial Complaint and neglecting to arraign Nelson on the Amended Complaint were not prejudicial.

¶8     In *Hudon*, the defendant argued that the court erred by allowing the State to amend an initial information to include the alternative charge of DUI per se less than five days before trial. *Hudon*, ¶ 28. This Court held that "[w]e need not determine whether [an] amendment was one of substance or form" when a defendant was not prejudiced. *Hudon*, ¶ 29. We determined that the defendant was not prejudiced when his substantial rights were not affected by the amendment. *Hudon*, ¶ 29. We based this determination on the facts that the defendant had proper notice of the amendment and the effect of the amendment was mooted when the defendant was not convicted of the alternative charge. *Hudon*, ¶ 29. Similarly, in this case Nelson was not convicted on the alternative charge. As it pertains to that amendment, therefore, Nelson was not prejudiced.

¶9     Nor was Nelson prejudiced by the amendment from DUI, first offense, to DUI, third offense. In *State v. Gardipee*, this Court held that a defendant is not prejudiced by the amendment of an information to reflect the statutorily mandated sentencing range for a repeat offender. 2004 MT 250, ¶ 9, 323 Mont. 59, 98 P.3d 305. We reasoned that the defendant's substantial rights were not affected by the amendment because the elements of the charged crime in the initial information were not changed by the amended information and the defendant was still charged under the same statute. *Gardipee*, ¶ 9. Like the defendant in *Gardipee*, Nelson was convicted pursuant to the same statute under which he was initially charged, and the elements of the initially charged crime did not change when the charge was amended to DUI, third offense.

¶10 The Justice Court arraigned Nelson on the charged crime in the initial Complaint, DUI, first offense. Nelson received notice that the State amended the initial Complaint over five months before his trial. Nelson was convicted pursuant to the same statute on which he was arraigned. The factual basis upon which the State tried Nelson for DUI and the proof required to convict him did not change. The elements for DUI, first offense, and DUI, third offense, are the same. The only difference between the initially charged crime and the crime upon which Nelson was convicted is the statutorily mandated sentencing range for a repeat DUI offender. Under these circumstances, Nelson was not prejudiced when the Justice Court did not arraign him on the Amended Complaint because it did not affect his substantial rights. *See Gardipee*, ¶ 9. Because the Justice Court allowing the State to amend the initial Complaint and neglecting to arraign Nelson on the Amended Complaint were not prejudicial, we will not reverse. *See Hudon*, ¶ 29 (quoting § 46-20-701, MCA).

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE